McBRIDE, Judge.
Anthony Eschmann brings a direct action for $169.33 against the liability insurer of Mrs. Elton Cigali for damages sustained by his automobile in a collision between it and an automobile driven by Mrs. Cigali on the afternoon of May 31, 1957, on Gentilly Boulevard at the intersection of Foy Street. Gentilly Boulevard is a wide thoroughfare bisected by a narrow neutral ground and has a traffic roadway on either side, each of these being of sufficient width to accommodate three lanes for traffic. Among the specifications of negligence Mrs. Cigali is charged with failure to yield the right of way to plaintiff; her defense is a denial of negligence and an alternative plea of contributory negligence on plaintiff’s part. The matter is before us on plaintiff’s appeal from the judgment below which dismissed his suit.
Eschmann was driving in a downtown direction on Gentilly Boulevard in the out *136 bound roadway when the car struck the left front of the Cigali automobile. He testified that he traveled in the lane next to the neutral ground and there were two cars to his right, one in the second lane and one in the third lane, which obliterated his view in that direction, and just as he reached Foy Street, Mrs. Cigali’s automobile, the presence of which he had no knowledge, came from in front of the two other cars directly into his path and he could not avoid running into it.
Mrs. Cigali states she had been traveling on Foy Street toward the lake and intended to turn left into the inbound roadway of Gentilly Boulevard in order to proceed toward the business section of the city; that when she came to the Gentilly intersection, she stopped in obedience to the traffic sign, and upon looking in both directions for traffic on the boulevard, she observed three automobiles in the outbound roadway abreast of each other approaching from her left about a block away; that as there was no traffic on the inbound roadway approaching from her right which could impede a left turn, she started across the outbound roadway when the semaphore traffic light at the next corner to her right made a change which resulted in a heavy traffic movement in the inbound roadway taking place, making it impossible to turn therein. She claims because of these changed conditions, she slackened her speed so as to make a slow crossing of the outbound roadway until trafiic in the far roadway cleared, and she was barely moving and had almost come to a stop at the neutral ground when her car was run into by Eschmann’s car.
We have no way of knowing what motivated the trial court to decide the case in defendant’s favor as no written reasons for judgment were given. But we think the judge evidently thought Eschmann should have seen the Cigali car sooner than he did, which would have afforded him ample opportunity and space to stop in time.
It appears quite clear to us that Mrs. Cig-ali was guilty of negligence in failing to accord the right of way to Eschmann who was proceeding at a normal rate of speed on a through street. She testified the two cars to the right of Eschmann stopped to permit her to pass, but we do not believe she endeavored to ascertain how close Esch-mann’s car was to the intersection when she slowly drove into his lane. Had she stopped in front of the other two cars and made proper appraisal whether cars were approaching, she would not have made her ill-fated move into Eschmann’s pathway.
We fail to find where there was any contributory negligence on the part of Esch-mann, and as to him we believe the accident was unavoidable.
The amount of plaintiff’s damage is not a matter in dispute.
The respective drivers are the only witnesses, and if we were concerned with the question of their veracity, we would not disturb the finding of facts of the trial judge. But this is a case, we believe, in which the trial court did not fully appreciate the import of Mrs. Cigali’s testimony. We are not doubting anything she said and our decision is based almost wholly on her testimony. The fact that her car was still moving when it was struck makes it certain she had not been in Eschmann’s lane for any significant time and that when she made entry thereinto, Eschmann was just about at the intersection. In view of the manifest error appearing, we must render the judgment our brother below should have rendered.
Therefore, the judgment appealed from is reversed, and it is ordered, adjudged and decreed that plaintiff have judgment against the defendant for the sum of $169.33, together with legal interest from the date of judicial demand; defendant is to pay the costs of both courts.
Reversed.