YARRUT, Judge.
Plaintiff sued for property damage sustained when an automobile, operated by Joyce Anna Verrett, crashed into his store at 8539 Willow Street in New Orleans at 6:00 P.M. on March 24, 1966 when Miss Verrett’s car was struck on the side by the front of an automobile operated by Catherine Fleming and propelled into the store.
Plaintiff was awarded solidary judgment for $756.00 against Miss Fleming, Miss Verrett, and her insurer, C.H.S. Lloyds’ Plan. Only Miss Verrett, and her insurer, have appealed. Quantum is conceded on appeal; the only issue being liability.
*905 Miss Verrett was proceeding on Willow Street in a downtown direction. Miss Fleming was driving toward Lake Pontchartrain on Leonidas Street. Miss Fleming testified she stopped at a “Stop” sign facing Leonidas Street, but that her view was blocked by a large truck parked on the left side of the street; that she proceeded slowly into Willow Street and stopped, looked to her left (the direction from which Miss Verrett was approaching) but saw no traffic for about half a block; and then proceeded about twelve feet into the intersection when the impact with Miss Verrett’s vehicle occurred. She further testified that Miss Verrett’s vehicle was ten or eleven feet away when she first saw it and, although she admitted she only glanced at it, she estimated its speed at about 65 or 70 miles per hour.
Miss Verrett testified she did not know there was a “Stop” sign at Leonidas Street, and that she had the right-of-way, yet she did not look to see if any traffic was coming from Leonidas toward the Lake, and that she did not see the Fleming vehicle until virtually the moment of impact.
Her testimony in this regard is as follows:
“Q. Before the accident you didn’t know there was a stop sign there? [at Leonidas Street]
“A. No.
“Q. Were you looking for traffic coming out of Leonidas Street headed away from the river?
“A. No.
“Q. Did you see Catherine Fleming’s automobile at any time prior to the impact ?
“A. Just by a glance, it happened so fast.
“Q. You only saw her for an instant before the impact, is that right?
“A. Yes.

“Q. So that I can get this straight, you said that prior to the accident you did not know a stop sign was there ?
“A. Yes.
“Q. And you also testified that you were not looking for traffic coming out of Leonidas Street, is that right?
“A. That’s right.”
Admittedly, Miss Verrett did not see the Fleming vehicle protruding into the intersection as Miss Fleming stopped to look to her left to observe traffic and, in fact, Miss Verrett made no attempt to observe traffic coming from that direction. Because Miss Verrett was unaware of the presence of a “Stop” sign at the intersection, she could not indulge in the presumption that traffic on Leonidas Street was going to observe the “Stop” sign and yield to her. Lilly v. Schmitt, La.App., 198 So.2d 502.
The trial judge must have concluded that Miss Verrett was not keeping a proper lookout and that this was a proximate cause of the accident. In view of all the circumstances, we cannot hold that the conclusion of the trial judge was manifestly erroneous.
Accordingly, the judgment appealed from is affirmed; Defendants to pay all costs of this appeal.
Judgment affirmed.