Plaintiff sustained serious physical injuries and his Buick automobile was badly damaged when violently run into by the automobile of C.M. Ashby, Jr., in the intersection of the two eighteen foot paved highways that traverse the Village of Clarence, Louisiana. The accident occurred in the day time. The roads' surfaces were dry. Each owner was driving his own car. Plaintiff was going easterly and Ashby northerly.
Plaintiff sued to recover damages on account of his injuries and for the amount expended by him to restore his car to good running condition. He blames Ashby for the collision and charges him with the following named acts of negligence as the cause thereof, to-wit:
Driving at sixty-five miles per hour, which was excessive under the circumstances, and in violation of the law governing speed in unincorporated villages; failing *Page 730 
to observe a caution sign below said village and the traffic light above the center of the intersection; failing to maintain a proper lookout and not having his car under adequate control.
The Hartford Accident and Indemnity Company, carrier of public liability and property damage insurance on the car driven by Ashby, is the sole defendant.
Plaintiff alleged that when about twelve feet from the intersection he brought his car to a complete stop, looked to his right, then to his left, and not observing any motor vehicles on the highway in either direction, slowly proceeded forward into the intersection. He further alleged that he had practically cleared the center line thereof when struck broadside by the Ashby car, traveling at a speed of nearly seventy miles per hour.
[1] Defendant first tendered exceptions of no cause and no right of action. These were overruled, and answer was then filed. The exceptions were not mentioned by counsel in oral argument in this court nor are they discussed in brief. For these reasons, we assume that they have been abandoned.
Defendant denies that the accident happened because of any negligence or carelessness on Ashby's part, and charges that it occurred solely from the fault of plaintiff in that he slowed his car down or stopped it completely immediately before he entered the intersection and then suddenly, at a rapid speed, started across the same, notwithstanding Ashby's car was approaching from the south at a moderate rate of speed; that it was then too late and the cars were too close to each other for Ashby to so maneuver his car to avert the impending collision, although he endeavored to do so by the application of the brakes. In the alternative, defendant pleads that if plaintiff did bring his car to a stop, prior to entering the intersection, he should have seen, and, in law is held to have seen Ashby's car in plain view; that it was his duty under such circumstances to have remained at stop until the Ashby car cleared the intersection; that not having done this, his acts amount to contributory negligence of such character as to constitute the or a proximate cause of the collision, and bars recovery by him.
Plaintiff's demand was rejected and his suit dismissed. He appealed. The lower court gave brief written reasons to support its judgment.
Since plaintiff alleged and testified that he came to a complete stop immediately prior to attempting to cross the intersection and he is corroborated by a fellow workman riding with him at the time, we accept his testimony in this respect as being true and shall largely predicate our decision upon this very important uncontroverted fact.
[2] From where plaintiff stopped before entering the intersection, he had unobstructed view for several hundred feet down the highway, the direction from whence Ashby's car was coming. There existed no reason whatever for him not having seen the Ashby car which was approaching the intersection at a rapid rate of speed, yet he admits he did not see it until his rear wheels were about on the north-south center line that divides the area embraced in the intersection. It goes without saying that it was negligence of a gross character for plaintiff to have acted as he did and not to have seen what he should have seen. Motor vehicles to his right going northerly on the highway had right of way through the intersection unless such superior right was forfeited by excessive speed. Rule 11 (a), Act No. 286 of 1938, § 3. Ashby's speed certainly lost to him the benefits of this law.
Ashby admits that he was driving in excess of fifty miles per hour when he first observed plaintiff's car crossing the intersection; that the distance then between them was not sufficient for him to stop his car before the collision occurred; that because of the filling stations on the corners, adjacent to the intersection, it would have been exceedingly dangerous to have attempted to drive behind or in front of the other car. He did apply his brakes and skidded over thirty feet before contact of the cars.
[3] Clarence is an unincorporated village. Rule 4(c) of the Highway Regulatory Act (No. 286 of 1938) fixes the *Page 731 
speed of motor vehicles in this class of villages at not over twenty-five miles per hour. Obviously, Ashby was violating this law when he first observed plaintiff's car. The violation of a traffic law is per se negligence, but is actionable only when such negligence is the proximate cause of the accident producing the damages sought to be recovered.
The traffic light suspended above the intersection at the time of the accident was not functioning and had not done so for a long time. Its presence, therefore, is of no importance in this case.
[4] When a motorist stops at an intersection whereon traffic is not controlled by a light or other signal, his purpose in doing so is manifest. He thereby tacitly gives notice to nearby traffic, on his right and left, that he accords to it the right to proceed through the intersection and to assume that his vehicle will remain so immobilized until conditions in the intersection are safe for him to cross it. When plaintiff stopped at the intersection, his action virtually amounted to an invitation to Ashby to continue up the road and through the intersection. No other reasonable interpretation can be placed upon his action in this respect. See Jimes v. Fidelity and Casualty Company of New York et al., La. App., 163 So. 421.
Plaintiff's failure to see the Ashby car, does not excuse him from the results of such failure. When he stopped and looked he performed only one-half the duty imposed upon him by law. This action should have been followed by unerring observation of traffic on both sides of him. The books are full of cases announcing this well fixed principle.
Plaintiff's counsel relies confidently upon the case of Hanson v. Great American Indemnity Company et al., La. App.,33 So.2d 549, recently decided by this court. There is some analogy between the two cases but close comparison reveals that distinct difference in two pivotal questions prevails. In the Hanson case the taxi driver did not see the plaintiff's car in the intersection until when eighty or ninety feet from it, while the two lady passengers therein observed it when some two hundred eighty-five feet away. It was held that if the taxi driver had been keeping a proper lookout he also would have seen the car when the ladies did, and had he done this he could have reduced the speed of the taxi sufficiently or stopped it entirely, in time to have avoided the collision. For this reason the doctrine of the last clear chance was applied to the facts.
[5] In the present case Ashby observed plaintiff's car when it came to stop before entering the intersection and assumed he would not try to go forward until he (Ashby) passed over it. He was too close to the intersection to avoid the collision when plaintiff's car entered it. Obviously, the last clear chance doctrine is not applicable.
[6] We conclude that the negligence of both drivers was of equal gravity; each being a proximate cause of the collision, and, this being true, neither has a cause of action to recover from the other damages resulting from the collision.
For the reasons herein given, the judgment from which appealed, is affirmed with costs.