McBRIDE, Judge.
This is a suit filed by Mr. and Mrs. Gilbert J. Drez, who claim damages from Milton J. Grand and his liability insurance carrier, resulting from an automobile collision at the intersection of North Tonti and St. Philip, neither street being a right of way street, on the cold, dark, and rainy evening of December 12, 1947, at 5:30 o'clock. The husband seeks recovery for the damages inflicted upon his automobile, and the wife claims damages for personal injuries. Grand -is charged with operating his automobile after dark without lights at an excessive speed. Defendants deny negligence on the part of Grand, and alternatively plead that Mrs. Drez was guilty of contributory negligence.
After a trial on the merits in the district court, plaintiffs’ suit was dismissed,, and they have prosecuted this appeal from the judgment.
On the evening and time in question, the automobiles approached each other at right angles. Mrs. Drez was driving her husband’s automobile up North Tonti Street toward Canal Street, and Grand was operating his automobile on St. Philip Street towards the river, and the two cars came together at the intersection. The Grand. *727 automobile struck the Drez car almost flush on its right side. There were only two eyewitnesses to the occurrence, namely, the drivers of the two vehicles.
Mrs. Drez testified that she decreased her speed as she neared St. Philip Street, and cautiously approached the intersection. After looking to her right and sounding her horn, she shifted gears and attempted to negotiate the intersection, and when about two-thirds across, the collision occurred. She insists that there were no lights on Grand’s automobile.
St. Philip is .a one-way street accommodating traffic moving in the direction of the river. Grand stated that he was driving his car at about twenty-five miles an hour, with its headlights and dash light burning, and as he approached the intersection he observed the illumination from the lights on the Drez car coming from his left on North Tonti Street, and it appeared to him as though the Drez car would be brought to a stop to let him pass. When about thirty or thirty-five feet away from the intersection, it then became obvious to him that the Drez car was not going to stop, and he applied his brakes, but because of the wet and slippery condition of the street, the surface of which is paved, he was unable to stop, and the accident resulted.
The corner of the intersection, looking in the direction from which Grand’s automobile approached, -is what is known as a “blind corner.” Mrs. Drez, however, insisted that when she came to the intersection she could see out St. Philip Street for about three-quarters of a block, and that within that distance there were no oncoming automobiles. She never became aware of the presence of Grand’s automobile on St. Philip Street, until it struck her car.
There is no support for the charge that Grand’s automobile was being driven at an excessive speed. Mrs. Drez, of course, could hot estimate its speed, and Grand is positive that he was travelling at about twenty-five miles an hour.
We do not believe that the accident was occasioned through any fault of the defendant Grand. The evidence, although conflicting, sufficiently leads us to the conclusion that Mrs. Drez did not take those precautions which the law imposes upon a motorist whose view is obstructed when approaching a corner. In such a contingency, where the motorist is travelling on a paved street, he is under the duty of carefully bringing his car to a point where he has an unobstructed view of the intersection, and of making a careful survey of traffic conditions, before attempting a crossing. If, however, as she says, she was able to and did look down St. Philip Street, but did not see the Grand automobile, Mrs. Drez is nonetheless guilty of negligence, as it is well settled that one is held to the duty of seeing what he should have seen. We are not impressed by her statement that the Grand car was travelling without lights.
What was said in Wyche v. Brian, La.App., 28 So.2d 143, 144, is particularly apropos here: “A long and constantly increasing number of cases is authority for the proposition that in the eyes of the law a motorist must be held to the duty of seeing what he should have seen. Some of the later pronouncements on this point are found in the cases of Martin v. Missouri Pac. Transp. Co., La.App., 172 So. 558; General Exchange Ins. Corporation v. Carp, La.App., 176 So. 145; Jackson v. Cook, 189 La. 860, 181 So. 195; Boudreau v. Louviere, La.App., 178 So. 173; Austin v. Baker-Lawhon & Ford, Inc., La.App., 188 So. 416; Mathews v. Hayne, La.App., 188 So. 462; Schexnaildre v. Bledsoe, La.App., 194 So. 45; Hartford Fire Ins. Co. v. Romero, La.App., 5 So.2d 208.”'
Plaintiffs attempt to inject the doctrine of last clear chance into the case, and argue that there was ample time and space within which Grand could have braked his automobile to a stop after observing the Drez car. We do' not believe the doctrine applicable here. Mrs, Drez was positive that she slowed down and approached the intersection cautiously. Grand, who was but thirty-five feet away, believed that she was going to stop and let him pass. It must be borne in mind *728 that, as to the Drez car, Grand was on a favored street, as. Mrs. Drez approached from his left, and we think that a motorist so situated as was Grand, under the circumstances of this case, would have the right to assume that tire operator of the other automobile, which had slowed for the intersection, would see him and stop in order to let his automobile, which was in tire favored position, proceed onward. Moreover, when Grand became conscious of the fact that the Drez car was not going to stop-, he attempted to avert the accident, by applying his brakes, but to no avail.
We find no error in the judgment appealed from, and' it is affirmed.
Affirmed,