52 So.2d 749 (1951)
KERSCHNER
v.
BLACHE.
No. 19550.
Court of Appeal of Louisiana, Orleans.
May 21, 1951.
*750 Robert J. Pitard, New Orleans, for appellant.
Theodore H. McGiehan, Michael H. Bagot and Walter R. Fitzpatrick, Jr., New Orleans, for appellee.
REGAN, Judge.
Plaintiff, Orville R. Kerschner, the owner and operator of a 1941 Nash Sedan, instituted this suit endeavoring to recover the sum of $287.99, representing property damage incurred to his automobile on July 6, 1949, at 6:30 p. m. by virtue of a collision in the intersection of Painters Street and Mirabeau Avenue, in the City of New Orleans, with a 1948 Kaiser automobile, owned and allegedly operated negligently by the defendant, Clarence F. Blache.
Defendant answered and denied that he was guilty of any negligence in the premises and averred that the accident was caused solely by the negligence of the plaintiff and, in the alternative, pleaded contributory negligence.
From a judgment in favor of plaintiff in the sum of $210 defendant prosecutes this appeal.
When an intersectional collision occurs between two automotive vehicles, and the operators thereof charge each other with negligence, we often find it logical and expedient to first analyze the actions of the litigant who initiates the suit, for the reason that there can be no recovery if that party, by the exercise of due diligence and reasonable care, could have avoided the accident. Therefore, we shall first consider the evidence with respect to the actions of plaintiff
The record reveals that, at the time of the accident, Painters Street was a "hard surfaced" street and Mirabeau Avenue, which the litigants concede is about forty feet in width, is a paved roadway. Only for the purpose of orientation and to encompass the situs of the accident, Mirabeau Avenue begins at Elysian Fields and ends at Franklin Avenue and Painters Street begins at the lake and ends at Gentilly Boulevard.
Plaintiff contends that he was driving his automobile in Painters Street in the general direction of Gentilly Boulevard, at a moderate rate of speed; that when he reached the intersection of Mirabeau, he stopped and seeing nothing approaching for at least one block, he shifted into first gear and accelerated his car to a speed of approximately ten miles per hour; when his automobile had traveled twenty feet into the intersection or when the front portion of his car had reached the center thereof, he observed defendant's car, which was then, according to his testimony, one-half block or 150 to 155 feet in Mirabeau Avenue, approaching at a high rate of speed (although the record does not reveal the actual speed thereof) "blowing his horn"; and that when he had traveled six more feet (or two-thirds of the intersection) the right rear portion of his car was struck by defendant's vehicle.
It taxes both our credulity and imagination to accept plaintiff's version of the accident, in that he observed defendant's car 150 to 155 feet away in Mirabeau Avenue, when the front of his car had reached the center of the intersection and that within the time that his car had traveled six feet, defendant's car had traveled 150 to 155 feet and collided with the rear portion of his car. Plaintiff would, therefore, have us believe that defendant was operating his car at a speed in excess of 110 miles per hour, for this is the speed at which defendant would have had to be driving to travel one hundred and fifty feet in the time that was consumed by plaintiff in driving six feet moving at the rate of ten miles per hour.
In addition thereto, the record reflects that the accident occurred at 6:30 p. *751 m. in the month of July and it was, therefore, daylight and if plaintiff had looked there was nothing to prevent him from seeing defendant's car. Whatever the operator of a motor vehicle can see he must see and in legal contemplation he does see. His failure to see what he could have seen by the exercise of due diligence does not absolve him from liability.
In view of the fact that we are of the opinion that plaintiff was guilty of such negligence as precludes his recovery, we find it unnecessary to consider the plaintiff's charges of negligence against the defendant.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of defendant dismissing plaintiff's suit at his cost.
Reversed.