REGAN, Judge.
Plaintiff, Harry B. Moore, owner and operator of a 1941 Chevrolet Sedan, instituted this suit against the defendants, Walter Martin, operator of a United Cab, John 'Caron, owner thereof, and Co-Operative Cab Company, insurer, endeavoring to recover the sum of $227.47 for property damage incurred to the Chevrolet by virtue of a collision on January 31st, 1949, at about 8:20 a. m. in the intersection of N. Alexander and Toulouse Streets.
Defendants answered and denied that the operator, of the cab was guilty of any negligence in the premises and, in the alternative, pleaded the contributory negligence of plaintiff. Defendant Caron reconvened for the sum of $1,000 for property damage incurred by the cab.
,To this reconventional demand plaintiff filed exceptions of “no right or cause of action” founded upon the fact that the automobile accident occurred on January 31st, 1949, and the reconventional demand of defendant was filed on June 14th, 1950, or more than a year after the occurrence of the accident.
From a judgment maintaining the exception of no right or cause of action as to the reconventional demand and dismissing the plaintiff’s suit, both plaintiff and defendant Caron have appealed. In this court defendant Caron has abandoned his appeal.
The record reflects that plaintiff testified he was driving his automobile in N. Alexander Street about thirty miles per hour in the general direction of City Park and approaching Toulouse Street; that when he was about eight feet from the intersection defendant’s cab “suddenly leaped into view” causing him to “jam on * * * the brakes”, skid about fifteen feet and collide with defendant’s cab.
Defendant Martin testified that he was driving in Toulouse Street about twenty to twenty-five miles per hour in the direction of the Mississippi River and approaching N. Alexander Street; that in obedience to a slow sign, he decreased his speed to about ten or twelve miles per hour and drove into the intersection and that his observation of plaintiff’s car and the collision occurred almost simultaneously at a point slightly to the riverside of center of the intersection.
The. record further reflects that plaintiff’s car struck the right front wheel of the cab; that this intersection so far as both operators are Concerned is what our jurisprudence has designated as a “blind corner”; that there were one or more parked cars close to the intersection and adjacent to both the right curb of Toulouse Street and the left curb of Alexander Street.
*287 When an intersectional collision occurs between two automotive vehicles, and the operators thereof charge each other with negligence, we often find it logi'cal and expedient to first analyze the actions of the litigant who initiates the suit, for the reason that there can be no recovery if that party, by the exercise of due diligence and reasonable care, could have avoided the accident. Therefore, we shall first consider the evidence with respect to the actions of plaintiff.
In response to interrogations, plaintiff testified as follows:—
“Q. And he did enter the intersection before you? A. Yes.
“Q. Now, you say you saw cars parked on both sides of the street? A. Yes.
“Q. And you didn’t slow up,.kept coming at 30 miles an hour until you saw the defendant’s car? A. That’s correct, I did not jam on my brakes until I saw his car.”
Mrs. J. P. Musso, a passenger in plaintiff’s car, testified as follows:—
“Q. Did you observe this cab prior to the collision? A. No.
“Q.. When did you first see the cab? A. When it was right in the middle of the intersection.
“Q. What brought your attention to the accident? A. Mr. Moore stepped on the brakes.
“Q. When was that? A. When he saw the cab, the minute he saw the cab he put on his brakes.”
We are of the opinion that when a collision occurs between two automobiles at a street intersection, the automobile which first entered the intersection at a moderate rate of speed has a right to proceed, having the right of way over any automobile approaching at right angles and that the operator who does not respect the right of the automobile which first entered the intersection to -proceed through in safety is negligent, even though that car entering the intersection secondly in point of time is being driven on a right of way or favored street.
In view of the fact that we are of the opinion that plaintiff was guilty of such negligence as precludes his recovery, we find it unnecessary to discuss the plaintiff’s charges of negligence against the defendant.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
McBRIDE, J., absent, takes no part.