JONES, Judge ad hoc.
On August 25, 1952, at about 3:30 P.M. a collision occurred between a 1947 Chevrolet two-door sedan owned and operated by the plaintiff and a 1941 Chevrolet sedan owned by one O’Neil Orgeron and driven by his 17 year old son, Richard, at the intersection of Socrates and Elmira Streets in Algiers. The plaintiff’s car was traveling on. Elmira Street in a southerly direction and the defendant’s car was proceeding on Socrates Street in an easterly direction. Alleging various acts of negligence on the part of the driver of the Orgeron car, plaintiff brought this suit against O’Neil Orgeron and his automobile liability insurer to recover for injuries to his person and the damages to his automobile resulting in the collision. The defendants filed an answer denying negligence on the part of the driver of the Orgeron car and also alternatively pleaded acts of contributory negligence on the part of the plaintiff. After a trial on the merits, the Judge a quo rendered judgment in plaintiff’s favor and against O-’Neil Orgeron and his insurer in the sum of $4,223.92.
The defendants perfected this appeal and contend .that regardless, of the question of negligence of Orgeron’s. son, *492 the plaintiff was guilty óf contributory negligence proximately causing the accident. Since the plaintiff may only recover if he was free from negligence contributing to the accident, the only issue presented for determination in this 'review is whether or- not the plaintiff himself was guilty of negligence 'forming a proximate cause of the collision.
There are no stop signs or other traffic control signals at the intersection of Elmira Street and Socrates Street where this accident happened. Both streets are paved or blacktopped. The plaintiff was driving his car on Elmira Street in a southerly direction át a speed’which he estimates1-to have been 15 miles per hour up until the instant of the collision. His car was struck on its right-hand side in approximately the center by the Orgeron car which was driving east op Socrates Street. Plaintiff’s car came to rest against the telephone pole located on the southeast corner of the intersection.
Plaintiff testified that while driving at 15 miles per hour on Elmira Street, he looked to his right for traffic when a distance of about ‘30 feet from the intersection with Socrates Street and saw nothing’approaching. He stated that when about 15 feet from the 'intersection he looked again and still saw nothing coming and that when the center of his car was in the intersection and the front end already passed the intersection he was struck on his right side with such force-that his car was stopped dead in' its 'tracks and pushed sideways into the telephone pole on the southeast corner. On cross-examination, plaintiff ■ admitted that there is a double house quite near the northwest corner of the intersection of Elmira and Socrates Streets and that when he first looked for traffic approaching from his right on Socrates Street he could' see 50 or 55 feet through an open porch of a double house but that when he wás 15 feet away from the intersection he could see “probably 100 feet up the street then”. He testified that at no time prior to the collision did he see the approach of'the Orgeron automobile and therefore did not apply his brakes. Orgeron testified that while traveling on Socrates Street as he approached the intersection of Elmira Street at a speed of 20 to 25 miles per hour he saw plaintiff’s automobile coming from his left on Elmira Street when he was about 15 feet away from the intersection, which kept coming and..collided with the right side of his automobile at about the center of the intersection.
Plaintiff’s version' of the accident, that although when he was 15 feet from the intersection there was no traffic approaching from his right for a distance of 100 feet but that before clearing the intersection his car was struck on its right side at about the middle, so. hard that the forward momentum of his 3,100 lb. car traveling 15 miles per hour, was stopped dead in its tracks, taxes the credulity. It appears that the truth of the matter is that plaintiff either did, not look to his right before entering the intersection or that if he did look he failed to see the Orgeron car. which was then too .close, to permit plaintiff to attempt to cross safely. The operator of a motor vehicle 'must see what he can see and in legal contemplation does see and his failure to see- that which could have been seen ;by the. exercise of reasonable caution does not absolve him from liability. Jackson v. Cook, 189 La. 860, 181 So. 195; Kerschner v. Blache, La.App., 52 So.2d 749; Mansfield v. Toye Bros. Yellow Cab Co., La.App., 78 So.2d 544.
Plaintiff contends that even though neither street was a right-of-way street at this intersection, since he admittedly entered the intersection first he had the right of way to proceed across and therefore could not be negligent, citing Dinkins v. Jackson Brewing Co., La.App., 57 So.2d 52 and Moore v. Cooperative Cab Co., La.App., 56 So.2d 285. However, the facts of these cases are riot apposite here. A motorist does not acquire a right of way to proceed by pre-empting an intersection unless his entry therein is made at a time when he has the opportunity of clearing the' intersection without obstructing the path of another vehicle under normal conditions and circumstances. Hooper v. Toye *493 Bros. Yellow Cab Co., La.App., 50 So.2d 829; Aucoin v. Houston Fire & Casualty Co., La.App., 44 So.2d 127; Boudreaux v. Moreau, La.App., 73 So.2d 192. From plaintiff’s own testimony it appears certain that one of the proximate -causes of this accident was plaintiff’s failure to look or • if he did look failure to see the-close ap-: proách of the Orgeron car.
In view of the fact that we are of the opinion that plaintiff was guilty of contributory negligence which was a proximate cause o,f this accident, we find.it unnecessary to consider the pláintiff’s allegations of negligence on the part of the driver of the Orgeron car. ■
For the reasons ássigned the judgment appealed from is : annulled, avoided and reversed, and it is now ordered that there be judgment herein in favor of defendant, dismissing''plaintiff’s' suit at his 'cost, in both courts.'
Reversed,