LOTTINGER, Judge.
This is a suit for damages for personal injuries and medical and related expenses arising out of an automobile accident which occurred about 1:30 P.M. on April 25, 1959, at the intersection of South Oak and West Coleman Streets in the City of Hammond, Louisiana. The plaintiffs, husband and wife, were passengers in a 1959 model Ford taxi owned by E. W. Morrison and being driven at the time by the latter’s employee, Ralph D. Shelton, in a southerly direction on South Oak Street. When the taxi had entered the intersection of the two streets it was struck by a Mercury automobile owned and driven by C. M. Johnson, Jr., who was proceeding in an easterly direction on West Coleman Street. Morrison, Shelton and Johnson were all joined as defendants. The matter was tried before a jury which returned a verdict favorable to the defendants and the matter is before us on an appeal taken by plaintiffs from a judgment of the lower court which denied their application for a new trial.
There is no dispute as between the drivers of the respective vehicles as to how the accident occurred. Each, it was testified to, was proceeding at approximately 15 miles per hour and neither saw the other until the collision was unavoidable. The weather was clear and dry and visibility at the intersection good. The intersection was an uncontrolled one and Johnson, who was approaching from Shelton’s right, therefore had the right of way. We believe, however, that not only was Shelton negligent in not honoring Johnson’s right of way but that the latter was negligent also in not seeing the cab until he was almost upon it. Fortunately, the impact was an extremely light one not even sufficient to throw the cab off its course. The only “damage” to the Johnson vehicle was a black line several inches long on the front bumper, which did not require repairs, and the damage to the right rear portion of the cab was so minor that it was not necessary to repair it.
Gladys Coleman seeks the sum of $20,000 for having “sustained swelling and tenderness in the left side of the face, especially over the left tempero-mandibulas joint area with contusion bruises about the left temple and traumatic neuritis on the left side resulting in severe headaches and earaches”. The husband, who was seated next to his wife in the right rear of the cab, was not injured. With the accident having happened as it did, we are puzzled over the fact that the blow was to the left of the head; be that as it may, however, it is clear that the injuries complained of have been highly exaggerated.
Dr. James S. Andres saw Gladys Coleman on the day of the accident. He found a certain amount of swelling on the left side of her face and stated that she complained of pain when she opened her mouth widely. He had no reason to believe that there had been any injury to the ear. He saw her a total of four times, the last being May 5, 1959. A mild sedative was given her and the use of an icebag recommended.
Some seven months after the accident, on November 19, 1959, Gladys Coleman saw Dr. Isidore Rosen. The most we can gather *652 from this doctor’s testimony, however, is that while he saw her several times and found two pigmented areas in the left ear drum he did not know whether this was attributable to something from childhood or to the accident.
Gladys Coleman was employed at a salary of $18 per week and missed one week’s work, apparently as the result of the accident. All things considered, we think her injuries to have been very minor and that an award of $250 will amply recompense her. The sum of $18 for loss of wages would seem to be recoverable by Sylvester Coleman as head and master of the community.
For the reasons assigned, the judgment and verdict are reversed and it is ordered, adjudged and decreed that there be judgment in favor of plaintiff Sylvester Coleman and against defendants, C. M. Johnson, Jr., Ralph D. Shelton and E. W. Morrison, in solido, in the sum of $18 and in favor of Gladys Coleman and against said defendants, in solido, in the sum of $250, together with legal interest from date of judicial demand until paid and all costs.
Judgment reversed and rendered.