137 So.2d 366 (1962)
EQUITABLE FIRE AND MARINE INSURANCE CO. et al.
v.
ALLSTATE INSURANCE CO. et al.
No. 297.
Court of Appeal of Louisiana, Fourth Circuit.
February 5, 1962.
Bienvenu & Culver, J. S. Arceneaux, New Orleans, for plaintiffs-appellants.
Porteous & Johnson, John J. Hainkel, Jr., New Orleans, for defendants-appellees.
Before REGAN, YARRUT and SAMUEL, JJ.
*367 YARRUT, Judge.
Plaintiffs-Appellants are two subrogated insurers of a property owner whose laundry establishment was damaged as a result of an intersectional collision between two automobiles, one of which ran into the laundry. The damage of $1704 was paid jointly by the insurers, for which each was subrogated to one-half the owner's claim, or $852 each. The validity of the subrogations and the quantum were stipulated.
Defendants are the drivers of the respective automobiles and the insurer of the automobile of Defendant-Bunch.
The accident occurred at the intersection of Perrier and Joseph Streets, in New Orleans, on April 11, 1958, about 7:05 A.M. The weather was bright and clear, the intersection dry, and without any traffic control. One of the automobiles was driven by Defendant-Mrs. Floyd, travelling on Perrier Street, going towards Napoleon Avenue; the other by Defendant-Bunch, travelling on Joseph Street, towards the river. Mrs. Floyd was returning home from night duty at a nursing home, not too far from the scene of the accident, having been on duty from 11:00 P.M. to 6:55 A.M. Mr. Bunch was on his way to work for the New Orleans Public Service, at the Arabella Barn, not too far away on Magazine Street.
The district judge rendered judgment in favor of Defendants, dismissing Plaintiffs' suit, without any written reasons.
On the opening of the trial, both counsel announced they were not proceeding against Mrs. Floyd because she was cited under the wrong name, and was not represented by counsel. The only witnesses were the respective drivers and a disinterested witness, Mr. Wallaston.
Since the intersection was not controlled by any traffic signal, the Floyd automobile on Perrier Street, approaching the Bunch car from the right, would have the right-of-way if both approached the intersection at approximately the same time and at proper speed. Coleman v. Johnson, La. App., 132 So.2d 650. Both Mrs. Floyd and Mr. Bunch admitted they did not see the other until entering the intersection immediately prior to the impact. Because of a residence at the corner, which they were approaching, the intersection was "blind" as neither could see the other beyond ten feet from the property line. Lambert v. Rogers, La.App., 109 So.2d 120; Wyman v. Liberty Mutual Insurance Co., La.App., 90 So.2d 698; Indovina v. Logrande, La. App., 70 So.2d 456.
Mr. Wallaston, the only disinterested witness, testified he received training in traffic investigations and accident cases; that he was travelling on Joseph Street, in the opposite direction of the Bunch car; that he saw the Bunch car approaching Perrier Street, travelling about 20 miles an hour; that he would have proceeded across the intersection but was blocked by an automobile parked at the curb to his right, in front of the laundry establishment. He signaled for Bunch to come through. When Bunch reached the center of the intersection of Perrier Street, the Floyd car, which he first saw a distance of 30 feet from the intersection, travelling about 30 miles an hour, crashed into the right middle of the Bunch automobile. The Floyd car careened to the right over the curbing into the laundry establishment on the downtown river corner, and the Bunch car struck the automobile parked at the curb in front of the laundry.
The first proposition to consider is that the victim of the accident was an innocent third party. Where an innocent party is damaged as the result of an accident between two motorists, the burden of proof is upon each to free himself from negligence, and each is guilty of negligence per se in the absence of any showing to the contrary. Insurance Co. of North America v. Gore, La.App., 106 So.2d 471.
*368 If both motorists are guilty of negligence which proximately caused the collision, both are solidarily liable to an innocent third party. Vines v. Hartford Accident & Indemnity Co., La.App., 36 So.2d 729; Perret v. Toye Bros. Yellow Cab Co., La. App., 20 So.2d 377.
The doctrine of preemption of an intersection contemplates entry into intersection with opportunity of clearing it without obstruction of path of another vehicle under reasonable and normal conditions. Dalton v. Suhren, La.App., 128 So.2d 456, and authorities therein cited.
A driver approaching a blind, uncontrolled intersection from the left of another approaching vehicle must exercise a greater degree of care than ordinarily required; and must enter at a reasonable speed, and make certain before entering the intersection that there is no other vehicle about to enter. Briscoe v. State Farm Mutual Automobile Ins. Co., La.App., 134 So.2d 128; Lambert v. Rogers, La.App., 109 So.2d 120; Heindel v. Transcontinental Insurance Co., La.App., 82 So.2d 491; Drez v. Grand, La.App., 48 So.2d 726.
Mrs. Floyd was very uncertain as to what had happened. She was injured and taken to the hospital. Her testimony is very conflicting. With regard to Bunch, he, too, was not paying much attention to what was happening. His attention was apparently centered on the approaching automobile of Wallaston, and watching for Wallaston's signal to cross the intersection, paying little or no attention to the blind corner for the possible approach of an automobile, such as the approaching Floyd automobile. Neither of the drivers exculpated themselves from negligence. To the contrary, the testimony preponderates that neither was keeping a proper lookout, particularly at a blind corner. Both were guilty of concurrent negligence proximately causing the collision, and are responsible to the innocent third party damaged as a result thereof.
Accordingly, the subrogated insurers of the innocent laundry owner are entitled to recover the damages. Stevens v. Delanoix, La.App., 96 So.2d 844; Motors Insurance Corporation v. Guidry, La.App., 84 So.2d 624.
For the foregoing reasons, the judgment of the district court is reversed, and it is now ordered that there be judgment in favor of Plaintiff, Equitable Fire and Marine Insurance Co., in the sum of $852, and in favor of Plaintiff, Employers' Liability Assurance Corporation, Ltd., in the sum of $852, with legal interest from judicial demand, and all costs; and against Defendants, Allstate Insurance Co., and Joseph J. Bunch, individually and in solido, for said respective amounts.
Reversed and rendered.