YARRUT, Judge.
Plaintiff appeals from a judgment of the District Court denying him recovery of damages totalling $21,535.00 for personal injuries sustained in an intersectional collision between a truck he was driving and an automobile driven by Defendant, May R. Miller. Reference herein to Defendant will be to May R. Miller.
The accident occurred on November 11, 1960, about 4:00 P.M., at the intersection of Apricot and Monroe Sts., in New Orleans.
Plaintiff was driving his employer’s truck on Monroe towards the River, and Defendant her automobile on Apricot towards Jefferson Parish.
The intersection had no physical traffic signal control, hence was governed by the City Ordinance providing that, when two vehicles simultaneously reach such an intersection at proper speed and in obedience to all traffic regulations, the driver of the vehicle approaching from the left must yield to the vehicle on the right. Hence, Plaintiff would ordinarily have had the right-of-way since Defendant was approaching on the left.
Plaintiff and Defendant reciprocally charge the other with negligence in failing to accord the other the right-of-way; not keeping his vehicle under control; travel-ling at excessive speed; and improperly entering the intersection.
Alternatively, Defendant plead Plaintiff’s contributory negligence, with no reconven-tional demand. The District Court in Reasons for Judgment, stated:
“The only witnesses to the accident sued upon are the drivers of the respective vehicles. Their versions of the accident are in direct conflict.
“The Court, after seeing the witnesses and hearing their testimony, together with the other evidence adduced, is of the opinion that May R. Miller’s version of the accident is truthful and accurate; and the Court is of the further opinion that this accident occurred through the negligent driving of Mose L. Armstrong.”
Defendant testified she entered the intersection first and would have safely crossed, but for the erratic driving and excessive speed of Plaintiff, which suddenly became evident to her. She promptly stopped but was unable to avoid the collision.
As the District Judge was more impressed with the testimony of Defendant, we think it a propos to quote pertinent parts of Plaintiff’s testimony under cross-examination, viz.:
“Q. And no time before you had this accident did you apply your brakes; is that right?
“A. No, sir.
“Q. You never did?
“A. No, sir.
“Q. You never did sound your horn, did you?
“A. No, sir, because I was on the right side, and I was in the intersection first, and by she being about 60 feet away, I thought maybe she would stop to let me through, and I eased on through.
* * * * * *
*254 “Q. When you were IS feet away from Apricot Street, were you going slowly enough that you could have stopped before reaching Ap-l ricot Street?
“A. Yes, sir.
“Q. At IS miles an hour, as you say you were going?
“A. Yes, sir.
“Q. You could have stopped?
“A. Yes, sir, I could have, but I was in the intersection first, so why should I stop.
* * * * * *
“Q. And you felt you had time then to get through the intersection before she reached the intersection; is that right?
“A. Well, I figured I could go through without having an accident, that she would let me through.
******
“Q. Did you ever see her slow down?
“A. No, sir. It was done so quick, I didn’t see how it happened.
“Q. So, at the time of the accident, you were going at about the same speed that you had been, about 15 miles an hour; is that right?
“A. Yes, sir.
“Q. And at that time, at the time of the collision, Miss Miller was going at the speed that you have estimated, at 60; is that right?
“A. Yes, sir, because she hit me, and I turned over three times. It was done so fast. * * * ”
The testimony is clear that Defendant pre-empted the intersection and that Plaintiff entered before she had completed her crossing.
As a result of the impact, Plaintiff’s truck spun around twice and turned over three times, all evidence of the truck’s excessive speed.
Plaintiff had years of experience driving a truck and was making a delivery for his employer. Defendant was returning from volunteer work at Charity Hospital and was on a visit to some friends on Apricot, was familiar with the intersection, generally regarded as dangerous, so was careful when approaching Monroe.
The rule governing the duties of both motorists approaching a non-traffic controlled intersection is well-settled, and was recently reviewed and affirmed on certiorari by our Supreme Court in Smith v. Borchers, 146 So.2d 793, to the effect that:
“Even when one has the right of way he is not relieved from the necessity of looking into the direction from which others may be expected to come, and where such care would have prevented the accident, he who fails to look or to keep a proper lookout cannot recover, even though the other party was grossly at fault.”
The Supreme Court clearly stated the degree of care required of a driver approaching an intersection from the right when the streets are of equal dignity, as follows:
“The degree of care required of a driver approaching an intersection from the right when the streets are of equal dignity, is much greater than that imposed on a driver approaching an intersection on a favored or right-of-way street, or on a favorable traffic semaphore. In the latter instances, he need exercise only slight care as he is entitled to assume that cross traffic will comply with the law and yield the right-of-way. But, when the intersecting streets are of equal dignity, a motorist has the duty of ascertaining, before he can claim the right to proceed accorded by R.S. 32:237, whether he has arrived or entered the intersection at about the same time as the other *255 vehicle, as cross traffic reaching the intersection first (provided it did not get there as a result of excessive speed) has the right to enter, preempt and complete the crossing notwithstanding the fact that there are other vehicles within the vicinity of the intersection approaching it from the right. The privilege accorded by R.S. 32:237 is a conditional one, a right entirely dependent upon the location of other traffic approaching the intersection.”
For the above and foregoing reasons, the judgment appealed from is affirmed; Plaintiff to pay all costs.
Affirmed.