CHASEZ, Judge.
This is an intersectional collision case. Plaintiff sues for damages and personal injuries in the amount of $3,043.45, allegedly ■sustained when his automobile collided with a cab owned by Jonny Robertson, driven by Placide Boutee, and bonded by Nola Cabs, Inc., under Municipal Ordinance No. 1004 MCS. The accident occurred at the uncontrolled intersection of Spain and North Tonti Streets in the City of New Orleans.
Both parties charge each other with negligence. The trial court entered judgment for defendants, dismissing plaintiff’s suit at his cost. Plaintiff appeals.
The record shows that the collision happened about midday on August 6, 1960; that the cab was proceeding on Spain Street in the direction of the river, away from the lake; that plaintiff was headed uptown on North Tonti Street; that the collision occurred at about the middle of the intersection of Spain and North Tonti Streets; that the right front of the taxicab struck the right back fender of plaintiff’s automobile.
The only witnesses to the accident were the driver of the respective vehicles, and their stories are at variance. Plaintiff testified that he was driving his 3-month old Volkswagen Deluxe Sedan on North Tonti Street toward Elysian Fields; that he was familiar with that particular area; that upon approaching Spain Street he stopped at the corner in the middle of North Tonti Street; that he looked in both directions; that he could see about a half block down Spain Street to his right; that he saw nothing coming, so he put his car in low gear and proceeded across the intersection at about 10 miles per hour; that he never looked down Spain Street again until he was hit; that be never noticed the cab until it hit him on the right rear fender. He testified that after the impact his car twirled around and threw him in the gutter about 40 feet from his car; that as a result of the accident he lost $723.45 in actual damages to his automobile, $45.00 for brake repairs, $275.00 in the resale of the car, and suffered personal injuries, to-wit: bruises, contusions, stiff neck, and an extreme nervous condition, for which he prays $2,000.00.
*863 The taxicab driver testified he was driving the 1956 Plymouth cab on Spain Street in the direction of St. Claude Avenue at about 20 miles per hour. As to whether or not he saw plaintiff’s car before he hit it, on cross-examination he stated:
“Q. What is the first time that you saw Mr. Cieutat or the vehicle operated by Mr. Cieutat?
“A. I saw the vehicle just as it got to the corner.
“Q. Approximately how far away from you — from the vehicle were you when you first noticed it?
“A. How far was it from me ?
“Q. Yes, sir?
“A. I was right at the - corner when I saw it. I was at the corner but I couldn’t see him there account of the facts — on account of the facts. When I got to the corner I hit on the brakes. That’s when I hit him, when he got about midway in the street.
“Q. Had he proceeded into the intersection when you first saw him? Had he started into Spain from the street he was on?
“A. I saw him when we got to the corner and he shot on across.
“Q. How far across the street was he ?
“A. About the middle of the street.” ******
“A. I know when I hit him I hit him close to the back fender, on his vehicle. I hit him at the back fender. He was gone almost across the street, the center of the street when I hit him.”
On direct examination, Boutee testified:
“A. On the date of the occurrence I was going out Spain Street toward St. Claude and when I got about ten foot from the corner I noticed the car coming right at the car. and I stepped — he kept on crossing and I hit the brakes. That’s where I hit him on the back fender.”
He further testified that he was driving in the middle of Spain Street; that when plaintiff’s automobile came across, Boutee applied his brakes to avoid hitting him, to no avail; that his car stopped at the point of impact, in the middle of the intersection, but plaintiff’s vehicle went on to the fence across the street, about 40 feet away, to plaintiff’s left.
Oh cross-examination Boutee was asked whether he stopped and looked both ways at the intersection of North Tonti and Spain Streets. He replied that he had not, and that neither driver stopped because there was no stop sign there; that plaintiff could not have stopped to come across the intersection of North Tonti and Spain Streets as he did.
It is apparent from the record that plaintiff approached the intersection from the taxicab driver’s left, hence, ordinarily, the taxicab would have the right-of-way unless plaintiff had pre-empted the intersection. LSA-R.S. 32:237. The trial judge held that there had been no such pre-emption in his reasons for judgment, citing the following authorities:
“Lewis v. N[ew]. O[leans]. Public Service [La.App.] 78 So.(2d) 76
“ ‘XX We find it both logical and expedient to primarily analyze the actions of the litigant who initiated the suit, for the reason that there can be no recovery if that party, by the exercise of due diligence and reasonable care, could have avoided the accident. Kerschner v. Blache, La.App. 52 So.2d 749.”’
“Henderson v. Central Mutual Insurance Co. [La.App.] 111 So.(2d) 351
“ ‘A motorist is presumed to see that which he could have and ought to have seen.’ ”
*864 “Equitable Fire and Marine Insurance Co. et al. v. Allstate Insurance Co. et al. [La.App.] 137 So. (2d) 366.
“ ‘The doctrine of preemption of an intersection contemplates entry into intersection with opportunity of clearing it without obstruction of path of another vehicle under reasonable and normal conditions. Dalton v. Suhren, La.App., 128 So.2d 456, and authorities therein cited.
“ ‘A driver approaching a blind, uncontrolled intersection from the left of another approaching vehicle must exercise a greater degree of care than ordinarily required; and must enter at a reasonable speed, and make certain before entering the intersection that there is no other vehicle about to enter. Briscoe v. State Farm Mutual Automobile Ins. Co., La.App., 134 So.2d 128; Lambert v. Rogers, La.App., 109 So.2d 120; Heindel v. Transcontinental Insurance Co., La.App., 82 So.2d 491; Drez v. Grand, La.App., 48 So.2d 726.’ ”
The Supreme Court in Smith v. Borchers, 243 La. 746, 146 So.2d 793, recently reviewed the jurisprudence regarding the duties of drivers approaching intersections of streets with equal dignity and held:
“ * * * Even when one has the right of way he is not relieved from the necessity of looking into the direction from which others may be expected to come, and where such care would have prevented the accident, he who fails to look or to keep a proper lookout cannot recover, even though the other party was grossly at fault. Martin v. Adams, La.App., 88 So.2d 476. * * ”
Justice McCaleb’s concurring opinion in Smith v. Borchers, supra, cites many cases in the jurisprudence to the effect that:
“ * * * It is only in exceptional circumstances, where the motorist on the favored street could have avoided the accident by the exercise of the slightest sort of observation, that he will be found derelict. * * *”
Armstrong v. Miller, La.App., 147 So.2d 252, is in accord with these decisions. In that case the evidence established that defendant, who had approached an uncontrolled intersection from plaintiff’s left had pre-empted the intersection while plaintiff entered the intersection at an excessive speed before defendant completed her crossing. The collision was held to have resulted from plaintiff’s negligence.
In the case at bar there is no evidence of the speed limits placed on Spain or North Tonti Streets. Therefore, the speed of the taxicab, which was testified to by its driver as being slightly over 20 miles per hour, and uncontradicted by plaintiff, cannot be characterized as being excessive under the circumstances.
The character of the intersection at Spain and North Tonti Streets, apart from its being uncontrolled, is not clear from the record. However, since this is a fact case and the court heard all of the evidence in the matter and concluded that the plaintiff failed to pre-empt the intersection and could have avoided the accident by due diligence and reasonable care, we find no manifest error in his determination, and, therefore, the judgment of the district court is affirmed. Herr v. Thames, La.App., 165 So. 530.
Affirmed.