YARRUT, Judge.
Defendant appeals from a judgment dismissing his reconventional demand and awarding plaintiff property damage, which resulted from an inters ectional collision involving their respective vehicles.
The collision occurred at the intersection of Patterson, Lavergne and Morgan Streets in (Algiers) New Orleans. Patterson and Morgan Streets, major roads leading to the Algiers ferry, situated at the foot of Morgan Street, intersect at approximately a 45-degree angle. Vehicles, waiting to board the ferry, line up on the right lane of Morgan Street back to the intersection, continue across the intersection to the right lane of Patterson Street, and then continue down Patterson.
Defendant was driving west on Patterson alongside the ferry line to his right, intending to follow the line of cars across the intersection, and continue on Morgan Street. Plaintiff was proceeding east on Patterson. Before he could enter the intersection he had to await an opportunity to pass through the ferry line blocking his entry. As plaintiff passed through a space in the stationary ferry line and proceeded through the intersection, the left rear of his car was struck by the front portion of defendant’s vehicle.
Plaintiff alleges that defendant was negligent in failing to keep a proper lookout, being inattentive to the surroundings, failing to keep his automobile under control, speeding, failing to heed a caution sign, speedily rounding a curve and crashing into a car which had almost negotiated the intersection. Defendant, after first denying negligence, in the alternative pleaded the contributory negligence of plaintiff in failing to keep a proper lookout, being inattentive to the surroundings, failing to keep his vehicle under control, speeding under the circumstances and proceeding into a blind intersection without ascertaining if it was safe to enter.
Plaintiff’s testimony stands uncontradict-ed in the record as defendant did not appear at the trial. Defendant’s testimony by deposition, taken more than one year before trial, is of little weight. Plaintiff testified that, immediately after the accident, defendant informed him that he (defendant) was rushing to a doctor for an appointment, and his insurance would take care of the collision. Further, when plaintiff told defendant he had blown his horn, defendant showed his ear phone and stated he did not hear well.
All witnesses agreed the intersection was dangerous and three accidents had occurred that very day. The roadway was wet. Further, the police officer, who investigated the accident, testified the intersection becomes “blind” when a ferry line crosses it.
In similar situations when neither driver can see the other, both should exercise caution under the circumstances. Indovina v. Logrande, La.App., 70 So.2d 456; Schroeder v. Mounes, La.App., 52 So.2d 67.
This rule, of course, is subject to the facts of each case. Emmco Insurance Company v. Travelers Insurance Company, La.App., 87 So.2d 369; Emmco Insurance Company v. Ball, La.App., 101 So.2d 622.
The evidence here justifies the conclusion that plaintiff exercised caution in *11 attempting to negotiate the intersection. He waited until the ferry line halted to provide a space through which he could pass; looked and saw his way clear, then proceeded after first warning any approaching motorist by blowing his horn.
However, there is little to show defendant’s caution in passing through the intersection. The circumstances of the collision are convincing defendant was negligent, in that he should have been aware of the possibility of a car proceeding through the open space in the ferry line at the intersection. Further, there is the uncontradicted testimony of plaintiff that defendant admitted he was “rushing”, his hearing was impaired, and his insurance would take care of the accident damage, all of which appears to be a confession of negligence on defendant’s part. The court can find no evidence that plaintiff was negligent in any mariner.
For the reasons assigned, the judgment appealed from is affirmed, at the cost of the appellant.
Affirmed.