SAMUEL, Judge.
Plaintiff instituted this suit for $175.96, the stipulated amount of damage to his automobile resulting from a collision with one of defendant’s cabs in the intersection of Elysian Fields Avenue and Burgundy Street in New Orleans. Defendant answered denying negligence on the part of its driver and alternatively pleading contributory negligence. There was judgment in the trial court in favor of plaintiff and defendant has appealed.
Defendant no longer contends that there was no negligence on the part of its driver and the only question now before this court is whether plaintiff, driver of his own car, was guilty of such contributory negligence as to bar his recovery.
Only three witnesses testified at the trial: plaintiff; the driver of the first car stopped in a line of traffic at the intersection (this witness being called by plaintiff) ; and the driver of defendant’s cab. While there is some conflict in the testimony, we find the facts to be as follows:
At the time of the accident Elysian Fields consisted of two roadways, one for traffic traveling from the river to the lake and the other for traffic traveling in the opposite direction, and was divided by a wide neutral ground. Each roadway had two lanes for moving traffic. The neutral ground, upon which were five railroad tracks, was approximately 70 feet in width. Burgundy was a two-way street approximately 30 feet in width. The intersection was controlled by a stop sign on Burgundy, which sign required traffic on Burgundy to stop before proceeding into the intersection. Plaintiff car was being driven in the right-hand lane of the lake-bound Elysian Fields traffic and the cab was being driven down Burgundy and away from Canal Street. The left-hand lane of the lake-bound Elysian Fields traffic, i. e., the lane adjacent to the neutral ground, was at a standstill. Plaintiff’s witness was the driver of the first car in that lane and, because of the congested and stationary traffic ahead of him, he had stopped just before entering the intersection, leaving the intersection clear enough for Burgundy Street traffic to cross. The right-hand lane of the lake-bound Elysian Fields traffic was moving and several cars crossed the intersection in that lane just before plaintiff attempted to do so.
Defendant’s cab stopped for the stop sign and then proceeded across the river-bound roadway of Elysian Fields, across the neutral ground, and into the Elysian Fields lake-bound roadway, all without stopping and at a speed of about 20 to 25 miles pel hour. Plaintiff’s car, traveling at about *376 20 miles per hour and passing- the lane of stopped traffic to its left, entered the intersection about 40 feet behind the car in the same lane immediately in front of it and was struck on the left side by the cab. Defendant’s driver testified that he did not see plaintiff’s car until it appeared suddenly from behind the stopped line of vehicles. While there is some confusion and even apparent conflict involved therein, we believe that a fair appraisal of plaintiff’s testimony, on both direct and cross examination, is to the effect that he did not see the cab until he, plaintiff, was just about to enter the intersection at which time it was too late for him to do anything except apply his brakes.
The facts here involved closely resemble those which were before this court in the cases of Indovina v. Logrande, La.App., 70 So.2d 456, Schroeder v. Mounes, La.App., 52 So.2d 67, and Emmco Insurance Co. v. Ball, La.App., 101 So.2d 622. Defendant relies on the first two cases, each of which held the plaintiff therein guilty of contributory negligence and dismissed his demand, while plaintiff relies on the last case which allowed a recovery by the plaintiff.
We are of the opinion not only that the Emmco case is more controlling than the other two but that in the instant case there is less evidence of contributory negligence than Emmco. In that case we distinguished the other two on the grounds that the defendant entered the intersection so suddenly and unexpectedly that the plaintiff could not have seen defendant before he did and that, when he did see her, her car was immediately in front of his and only a very short distance away. The same reasoning would apply here. For it is clear that the cab entered the favored roadway so suddenly and unexpectedly that plaintiff did not see the cab until it was too late for him to avoid the accident. In addition, plaintiff was in a moving line of traffic only 40 feet, certainly a reasonable distance under all the circumstances, behind the car immediately in front of him, which car was traveling at approximately the same speed as plaintiff and had safely negotiated the crossing, so that plaintiff had every reason to believe that the intersection was clear. We find no negligence on the part of the plaintiff.
Accordingly, for the reasons assigned,, the judgment appealed from is affirmed.
Affirmed.