52 So.2d 67 (1951)
SCHROEDER
v.
MOUNES.
No. 19609.
Court of Appeal of Louisiana, Orleans.
April 23, 1951.
Adams & Reese, New Orleans, W. Ford Reese, New Orleans, of counsel, for plaintiff and appellee.
Miazza & Drury, New Orleans, for defendant and appellant.
*68 JANVIER, Judge.
The automobile accident from which this matter results was rather different from the usual intersectional collision. It occurred in New Orleans at about 4:25 p.m., on May 14, 1948, at the intersection of South Liberty Street and the upperside roadway of Canal Street.
Plaintiff, Schroeder, was driving his Chevrolet sedan on Canal Street, going towards the Mississippi River. The defendant, Mounes, was driving his car down South Liberty Street and intended to cross Canal Street. The traffic on Canal Street was very much congested and, in addition to cars which were parked along the upper curb, there were two continuous lines of parallel traffic going in Canal Street towards the river. There was an automatic semaphore traffic signal one block from South Liberty Street, and because the light was unfavorable for cars on Canal Street, both lines of traffic had stopped and these lines of stationary cars extended back from the said light for more than a block and partially blocked the crossing at South Liberty Street. Plaintiff had turned into Canal Street from LaSalle Street, which is one city block from South Liberty Street, and had shifted his gears into third, or high, when he noticed that both lines of traffic ahead of him had stopped for the traffic signal, which was from a block to a block and a half away, from him at that time. He noticed that to the left of the stationary lines of automobiles there was a clear, though narrow, lane alongside the neutral ground, so he swerved his car to the left hoping to proceed in this lane and thus pass many of the cars which were waiting for the traffic light to turn to green.
As plaintiff reached the South Liberty Street intersection there was a collision between his car and the car of Mounes who had attempted to "thread" his way between the stationary cars and to cross to the other side of Canal Street without waiting for the traffic on Canal Street to move and to leave the crossing entirely clear.
Both cars were damaged and Mounes also claims that, in addition to the damage to his car, he sustained rather serious physical injuries.
Schroeder commenced the litigation by bringing suit against Mounes. He alleged that the accident resulted from the negligence of Mounes in failing to accord to him the right of way though he was "on a through or thoroughfare street" and though he had preempted the intersection. He charged too that Mounes was negligent in failing to keep a proper lookout and in entering a boulevard street "in the face of traffic proceeding thereon."
He prayed for judgment for $145.57 as the cost of repairing his car.
Mounes denied that there was any negligence on his part, and averred that the cause of the collision was the carelessness of Schroeder in proceeding in a careless and negligent manner, "particularly in view of the fact that the traffic to his right was `tied up' and at a standstill, as was traffic ahead of him on Canal Street."
He also charged that Schroeder was at fault in operating his car at a speed of approximately 35 miles an hour in excess of the limit permitted by the City Traffic Ordinance No. 13702 C.C.S., and that he was also negligent in refusing to yield the right of way, in failing to keep a proper lookout, and in failing to sound his horn.
Mounes assumed the position of plaintiff in reconvention and prayed for judgment against Schroeder for $2,321.68, claiming $67.15 as the cost of repairing the damage sustained by his automobile and $2,254.53 for personal injuries, hospital and medical bills, etc.
It was stipulated that both claims for damage to the automobiles were correct and that in the event that either party should recover for such damage, the judgment in his favor should be for the amount set forth.
There was judgment dismissing the reconventional demand and, on the main demand, in favor of plaintiff as prayed for, for $145.57. From this judgment Mounes appealed suspensively and devolutively.
There is considerable dispute as to the speed limit which is provided by the City Traffic Ordinance for vehicles travelling on Canal Street at that point and under *69 the circumstances shown to have existed. Schroeder contends that under the ordinance the speed limit for his car was 30 miles an hour, while Mounes contends that the ordinance fixed it at 15 miles an hour.
In Kemp v. Donnes, La.App., 32 So.2d 383, we discussed at length and attempted to interpret the various provisions of the traffic ordinance which are applicable in that locality. However, it is not necessary that we reach a conclusion on this question. Whatever the speed permitted by the traffic ordinance under favorable circumstances, every motorist is required to operate his car with due regard to the existing conditions and to take an unusual traffic situation into consideration, and a driver is not permitted to operate his car at the maximum speed permitted by the ordinance when the circumstances show that a reasonably prudent driver would not have done so.
Plaintiff, Schroeder, admits that his speed was between 20 and 25 miles an hour, and apparently complaining that he couldn't go any faster, says that "with that particular car * * *" it was "impossible to go even 30 miles an hour in third speed." He says that he noticed the traffic ahead of him and noticed a clear lane towards the neutral ground and that he "proceeded from a stopped position to first and from first to second and from second to third in this open lane." He admits that he did not see the Mounes car at all, saying: "I didn't know nothing was coming through there until I was hit."
Mounes, on the other hand, says that he had stopped on South Liberty and that the drivers of other cars back of him were sounding their horns for him to proceed, and, referring to the operators of some of the cars on Canal Street, he said: "* * * they all made me the sign to come over and I went over as fast as you could walk, and I didn't see nothing, * * *."
And he adds that the first time he saw the Schroeder car was "when I seen the front of it coming past."
As we have already said, the situation was unusual, and under the circumstances, each driver should have exercised the utmost caution. Neither did. Schroeder could easily have noticed that across the two lanes of traffic, which were stationary, there was a narrow open lane through which a car might cross Canal Street and, on other hand, Mounes could easily see that, though there were two lanes of stationary traffic, there was still an open lane through which another vehicle could approach.
Both drivers should have taken these facts into consideration and had either done so the accident would not have occurred.
Since both were negligent and since the negligence of each contributed to the accident, there can be no recovery by either.
The judgment appealed from, insofar as it runs in favor of plaintiff and against defendant, is annulled, avoided and reversed and plaintiff's suit is dismissed at his cost; in all other respects the judgment appealed from is affirmed at the cost of plaintiff.
Affirmed in part, reversed in part.