70 So.2d 456 (1954)
INDOVINA
v.
LOGRANDE.
No. 20223.
Court of Appeal of Louisiana, Orleans.
February 15, 1954.
Rehearing Denied March 8, 1954.
*457 Sternfels & Bruno, New Orleans, for plaintiff and appellee.
Dufour, St. Paul & Levy, Leonard B. Levy and William M. Lucas, Jr., New Orleans, for defendant and appellant.
McBRIDE, Judge.
This appeal presents a suit arising from a collision between two automobiles under unusual circumstances on the morning of November 24, 1952, at what can be said to be the intersection of Canal and Delta Streets. At this point Canal Street is a wide paved expanse, and Delta Street crosses it at right angles; however, there are no buildings, sidewalks, or curbs to delineate the intersection. Plaintiff, Indovina, was driving uptown on Delta Street and attempted to make a crossing of Canal Street. Upon noticing two continuous lines of stationary traffic on Canal Street facing the river, Indovina attempted to thread his way through the stationary cars by straddling a railroad track paralleling Delta Street.
The defendant, Logrande, was driving his automobile toward the river on Canal Street in a third or clear lane to the right of the stationary cars. Just as Logrande attempted to cross the railroad track upon which Indovina's car was moving, the collision took place, resulting in both automobiles being damaged. Plaintiff sued for $136.85 for the costs of repairing his car, and the defendant reconvened for his damages.
There was judgment in favor of plaintiff as prayed for in the court below; the reconventional demand was dismissed. Defendant has perfected this appeal.
Indovina estimates his speed at 5 miles an hour, but in this he is challenged by Logrande, who charges that Indovina was traveling along the railroad track at 25 miles an hour. Logrande's automobile was traveling at about 20 miles an hour. Each party concedes that the stationary lines of traffic on Canal Street interfered with the view of each driver and the one could not see the other's automobile. They make reciprocal charges of negligence which are not necessary to detail here. Logrande, in the alternative, sets up a plea of contributory negligence against Indovina.
The facts before us are almost identical with those which confronted us in Schroeder v. Mounes, La.App. 52 So.2d 67, 69, wherein we concluded:
"As we have already said, the situation was unusual, and under the circumstances, each driver should have exercised the utmost caution. Neither did. Schroeder could easily have noticed that across the two lanes of traffic, which were stationary, there was a narrow open lane through which a car might cross Canal Street and, on other hand, Mounes could easily see that, though there were two lanes of stationary traffic, there was still an open lane through which another vehicle could approach.
"Both drivers should have taken these facts into consideration and had either done so the accident would not have occurred."
Those conclusions are apropos here. As neither driver could see the other, both should have exercised caution under the circumstances, and if either had done so, the accident would never have occurred. Neither party is entitled to recover.
*458 Therefore, that part of the judgment which runs in favor of plaintiff and against the defendant for the sum of $136.85, with interest and costs, be and the same is hereby reversed, and it is now ordered that plaintiff's suit be dismissed; and as thus amended and in all other respects the judgment is affirmed. Each litigant is to bear his own costs.
Reversed in part, amended and affirmed in part.