REGAN, Judge.
Plaintiff, Larry E. Floyd, instituted this suit against the defendants, Mr. and Mrs. Harley J. Roberts, endeavoring to recover the sum of $761.76, representing $500 for personal injuries and $261.76 for property damage incurred on May 11, 1952, at about 12:30 p. m., as the result of an intersectional collision in Gentilly Boulevard and Foy Street, in the City of New Orleans, between plaintiff’s 1947 Pontiac and defendants’ 1941 Buiclc, driven by Mrs. Roberts at the time of the accident.
Defendants answered and admitted the occurrence of the accident, but asserted that the proximate cause thereof was the negligence of the plaintiff in failing to maintain a proper lookout. Defendants then reconvened claiming the sum of $806.-97, representing $500 for personal injuries *19 sustained by their minor daughter, and $306.97 property damage.
From a judgment below dismissing the main demand and awarding defendants $306.97 property damage, plaintiff prosecutes this appeal. The defendants have neither appealed nor answered the appeal, therefore, that part of their claim on behalf of their minor daughter is not before us.
Plaintiff was operating his automobile in the lane of traffic nearest the neutral ground of Gentilly Boulevard, moving in: an easterly direction or towards Chef Menteur at a. speed of approximately twenty-five miles per hour, and as he approached the intersection . of Gentilly Boulevard and Foy Street, the traffic lanes to his right were occupied by vehicles which had stopped there both in obedience to an automatic semaphore signal light, which was located in the intersection of Frenchmen Street and Gentilly Boulevard, or approximately seventy-five feet advanced from the situs of the accident, and also in deference to the vehicles which occupied the traffic lanes of Gentilly Boulevard between Foy and Frenchmen Streets. As he approached Foy Street he observed that the automatic traffic signal light now reflected a favorable signal and proceeded to cross Foy Street, at which moment his car collidecl with that of the defendants.
Mrs. Roberts, in relating her version of the accident, testified that she, accompanied by her minor daughter, was operating her automobile in Foy Street, approaching from plaintiff’s right, and when she reached the intersection of Gentilly Boulevard, she came to a stop and after having observed several lanes of traffic stopped in Gentilly Boulevard in deference to an unfavorable automobile traffic signal, and the advanced traffic, she proceeded to traverse Gentilly Boulevard at a speed of approximately ten miles per hour, her intention being to execute a left turn into Gentilly Boulevard and thus move therein in a westerly direction or towards the business district of the City of New Orleans; when her automobile began to cross the traffic lane of Gentilly Boulevard, in which plaintiff’s vehicle was moving, a collision occurred resulting in this litigation.
It is conceded that neither party observed the approach of the other until the actual collision occurred or was, at least, imminent. Each driver has reciprocally charged the other with negligence which, in substance, consists of having failed to maintain a proper lookout, and that care which was commensurate with the conditions then existing.
The principle herein involved is analogous to and controlled by the ratio deciden-di of Schroeder v. Mounes, La.App.1951, 52 So.2d 67 and Indovina v. Logrande, La.App.1954, 70 So.2d 456. In both of these cases the author was a member of this court and, in the most recent one of Indovina v. Logrande, we quoted with approval from the earlier case as follows:
“ ‘As we have already said, the situation was unusual, and under the circumstances, each driver should have exercised the utmost caution. Neither did. Schroeder could easily have noticed that across the two lanes of traffic, which were stationary, there was a narrow open lane through which a car might cross Canal Street and, on the other hand, Mounes could easily see that, though there were two lanes of stationary traffic, there was still an open lane through which another vehicle could approach.
“ ‘Both drivers should have taken these facts into consideration and had either done so the accident would not have occurred.’ ”
In our opinion the foregoing rationale encompasses the factual characteristics of this accident. The operators of both vehicles were negligent and since the negligence of each contributed to the accident there can be no recovery 'by either litigant.
For the reasons assigned the judgment appealed from insofar as it runs in favor of defendants on their reconventional demand and against plaintiff is annulled, avoided and reversed and, accordingly, de *20 fendants’ suit in reconvention is dismissed. In all other respects the judgment appealed from is affirmed. Each litigant to defray his own costs.
Reversed in part.
Affirmed in part.