McBRIDE, Judge.
Plaintiffs brought this suit for damages arising out of an automobile accident which occurred on the morning of December 4, 1957, at a point where it can be said Canal Street is intersected by Delta Street, and upon the suit being dismissed after a trial of the merits of the case, they appealed. The sole issue is whether Mrs. Bruno, who was operating her husband’s car, was guilty of the charges of contributory negligence which are ascribed to her. She was proceeding on Canal Street toward the Mississippi River in an open or clear traffic lane abreast of two continuous streams of intermittently starting and stopping vehicles to her right which were in line in order to board a ferry.
The operator of the Anderson car in attempting to negotiate a crossing of Canal Street at Delta Street in a downtown direction found it necessary to drive through a narrow opening in the two lines of traffic previously mentioned, which he did without incident, but when his car emerged into the traffic lane in which the Bruno car was traveling the two vehicles collided.
The evidence, though conflicting, demonstrates to our satisfaction that this is a case where an accident would not have happened had either driver exercised the slightest amount of caution; Mrs. Bruno was admittedly cognizant of the Delta Street intersection and she should have realized that a vehicle making a crossing thereof might pass through the two lines of cars.
The trial judge in written reasons adequately and correctly sums up the question of negligence thus:
“There is no doubt, in this court’s opinion, that the defendant was negligent in going through the two lanes of traffic and placing his automobile in the path of the oncoming car of the plaintiff. However, if the plaintiff had been looking and had she had her car under control, both of which duties are imposed upon her by law, and if she was going at a moderate speed, she should have been able to stop and avoid the accident. She is accordingly, in this court’s opinion, guilty of contributory negligence which would bar her recovery.”
*655 The situation of the two motorists and the circumstances of the accident cannot be distinguished from those to he found in the cases of Schroeder v. Mounes, 52 So.2d 67; Indovina v. Logrande, 70 So.2d 456; and Floyd v. Roberts, 72 So.2d 18, decided by this court, in each of which we deemed the respective drivers guilty of negligence prox-imating the accident.
The judgment is affirmed.
Affirmed.