129 So.2d 320 (1961)
Georgia WARNER, Plaintiff-Appellant,
v.
INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Defendant-Appellee.
No. 239.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1961.
Rehearing Denied May 9, 1961.
Certiorari Denied June 20, 1961.
Francis E. Mire, Lake Charles, for plaintiff-appellant.
Plauche & Plauche, A. L. Plauche, Lake Charles, for defendant-appellee.
Before TATE, FRUGÉ, and CULPEPPER, JJ.
*321 FRUGÉ, Judge.
This is a damage suit by Georgia Warner against The Insurance Company of the State of Pennsylvania, the liability insurer of her husband, Glen R. Warner, for injuries allegedly received while riding with her husband on November 11, 1959. Mr. Warner collided with a car being driven by Hiram Tucker.
The case was tried before a jury which returned a verdict for the defendant. From the judgment for the defendant entered upon the jury's verdict the plaintiff appealed.
The accident occurred on East Broad Street (U. S. Highway 90) in Lake Charles at the intersection of Boston Street.
East Broad Street is a wide multi-lane thoroughfare carrying a very large volume of traffic. It is the main highway through the City of Lake Charles. Boston Street, formerly known as Boulevard Alley, is a little street which intersects Broad from the north, ending in a "T" intersection at East Broad. It is narrower than the usual city street, because it was once a service alley.
There is a fixed STOP sign on Boston Street at the intersection of Broad.
At the time of the accident there were some billboards on the east side of Boston Street along the west edge of the lot of Tom & Mac's Drive-In extending to a point near Broad. (Subsequent to the accident the billboards were removed). These billboards prevent a motorist going west on Broad Street (as Glen Warner was driving) seeing a southbound car on Boston Street (as Hiram Tucker was driving) until the latter is very near to Broad.
The defendant's insured, Glen R. Warner, with his wife, Georgia Warner, was driving a 1956 Ford west on East Broad Street. The accident occurred at about 11:18 A.M.
Mr. Warner had been driving in the north or outside of the two westbound traffic lanes on Broad. Seeing some cars stopped in that lane, he turned into the inside lane which was clear of traffic. He was traveling somewhere between 35 and 45 miles per hour. The applicable speed limit is 35 miles per hour.
William Lambert, who testified for the plaintiff, was stopped heading west in the outside lane of traffic on Broad waiting to turn to his right into Boston. He could not make his turn because Hiram Tucker, who was in an old car stopped heading south on Boston, had not left enough room on Boston Street. Lambert testified that he indicated he wanted to turn into Boston by pointing to Tucker the way that he wished to turn.
In any event, Tucker drove into Broad Street from Boston while Warner was passing the stopped cars in the inside lane. When Mr. Warner was about two or three car lengths from the point where the collision occurred, he, for the first time, saw Tucker. The accident followed almost immediately. It occurred in Mr. Warner's lane of traffic, the inside lane of Highway 90. Both cars moved only about 10 feet after the impact, according to City Policeman Johnny Melancon.
While plaintiff alleges 9 different specified acts of negligence on the part of Glen Warner we may safely reduce and cumulate same to three, thus: (1) driving at an excessive speed, (2) failing to see Tucker's car before the accident, and (3) failure to take steps to avoid the accident. We believe that the trial jury correctly found that none of these allegations were proved. It would be difficult to discuss each charge separately as they overlap one upon the other, speed affecting lookout and lookout affecting the possibility of Warner having avoided the accident. Nevertheless, we will attempt to discuss these charges of negligence in order.
As to the charge that Warner was driving too fast, it should be obvious at the outset that, if he was exceeding the speed limit of 35 miles per hour, it was only by a little. Of course, applicable *322 speed limits to the contrary notwithstanding, a motorist should not drive faster than at "a reasonable and proper speed under the circumstances". LSA-R.S. 32:227. We conclude that Warner's speed, although possibly exceeding the speed limit slightly, was not a proximate cause of the accident.
The Court notes that Warner was driving on U. S. Highway 90, a main artery of traffic. Being on a through highway, he had the right to assume that traffic at intersecting streets would obey the law and accord him the right-of-way. Warner was in the same position as the plaintiff in Robinson v. Great American Indemnity Company, La.App.1960, 120 So.2d 855, 858, where the plaintiff, who was slightly exceeding the speed limit, was held free from negligence in an intersectional collision. There the Court stated:
"Moreover, a motorist on a right-of-way street, with knowledge of the location of stop signs along intersection streets, has a right to assume that drivers approaching the intersection from such streets will observe the law and bring their vehicles to a complete stop before entering the intersections. This assumption may be indulged in until the motorist sees, or should see, that the other motorist has not observed, or is not going to observe, the law. Henderson v. Central Mutual Insurance Company et al., 238 La. 250, 115 So.2d 339; Steele for Use and Benefit of Steele v. State Farm Mutual Insurance Company, 235 La. 564, 105 So.2d 222; Ryan v. Allstate Insurance Company of Chicago, 232 La. 831, 95 So.2d 328; Koob v. Cooperative Cab Co. et al., 213 La. 903, 35 So.2d 849; Nix v. State Farm Mutual Insurance Co., La.App., 94 So.2d 457."
The duty of a motorist, such as Warner, on a right-of-way street is not the same as that of a motorist who does not have the right-of-way.
The Supreme Court of Louisiana has enunciated this principle repeatedly. Probably the leading case is Koob v. Cooperative Cab Co., 1948, 213 La. 903, 35 So.2d 849, 851, in which the Court stated:
"The law in this state is well settled that a motorist who is proceeding on a right-of-way street, upon approaching an intersection where traffic is required under a city ordinance, and is warned by stop signs, to come to a complete stop before entering the intersection, should not be held to the same degree of care and vigilance as if no ordinance existed or stop signs were erected. The danger at such an intersection is less than that at a corner where no stop signs have been erected, and therefore less care is required of the driver on a favored street. The motorist on the right-of-way street, with knowledge of the location of such a stop sign, has a right to assume that any driver approaching the intersection from the less favored street will observe the law and bring his car to a complete stop before entering the intersection, and such motorist can indulge in this assumption until he sees, or should see, that the other car has not observed, or is not going to observe, the law. See Termini v. Aetna Life Ins. Co. et al., La.App., 19 So.2d 286; Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292; Glen Falls Ins. Co. v. Copeland, La.App., 28 So.2d 145. See also Mayfield v. Crowdus, 38 N.Mex. 471, 35 P.2d 291; 2 Blashfield, Cyclopedia of Automobile Law and Practice, Perm.Ed., sec. 1032, pp. 216, 217."
Koob v. Cooperative Cab Co., supra, was cited as the controlling authority by the Supreme Court in its recent decision in Steele v. State Farm Mutual Insurance Company, 1958, 235 La. 564, 105 So.2d 222; Henderson v. Central Mutual Insurance Company, 1959, 238 La. 250, 115 So.2d 339; and Youngblood v. Robison, 1960, 239 La. 338, 118 So.2d 431. Under the sound principles of the Louisiana Supreme Court discussed in these cases, plaintiff's contention *323 that Warner was negligent in exceeding the speed limit and in failing to keep a proper lookout is wholly untenable. The record reflects that he was on a main highway approaching Boston Street, a narrow intersecting alley. Traffic on Boston Street was commanded to stop.
It is well settled that a speed slightly in excess of the speed limit is not necessarily a proximate cause of an accident. The argument that plaintiff was negligent because he was exceeding the speed limit was made in Robinson v. Great American Indemnity Company, supra, where the facts are quite similar to those in the instant case. This argument was stated and answered by the Court as follows:
"Defendants' contention that plaintiff was guilty of contributory negligence, constituting a proximate cause of the accident, is predicated upon plaintiff's admission that he was slightly exceeding the speed limit, as fixed by ordinance of the City of Alexandria at 25 miles per hour. By his own testimony and that of other witnesses, plaintiff's speed was estimated between 25 and 30 miles per hour. The position taken by defendant is that, in any intersectional collision, excessive speed of one of the vehicles is always a proximate cause for the reason, it is claimed, had plaintiff been going at a lesser speed, defendant could have made it through the intersection and there would have been no accident. This reasoning is illogical and unsound for, by the same process, it may be concluded that, had plaintiff been proceeding at a much greater rate of speed, and his violation magnified, his negotiation of the intersection would have been completed before defendant's arrival and there still would have been no accident. Therefore, it is obvious that plaintiff's action in slightly exceeding the speed limit was not a contributing factor to the occurrence of the accident."
In making a motorist prima facie at fault for operation of an automobile in violation of the speed limits, LSA-R.S. 32:227 provides that this is so in any accident "proximately caused by such operation". In the instant case the proximate cause of the accident was not the speed of Warner's vehicle but Tucker's flagrant disregard of the rights of traffic on Broad Street. Apropos of this argument is the following from the opinion of the Court in Robinson v. Great American Indemnity Company, supra:
"If it could be said plaintiff's speed constituted negligence, no liability resulted therefrom because it did not constitute a proximate cause of the accident. The proximate cause of the accident was defendant's disregard of plaintiff's superior right of way and his failure to stop before entering the intersection, or to make proper observation as to traffic having a superior right in or appproaching the intersection. At the most, plaintiff's action could only constitute a very remote cause. * * *
* * * * * *
"It is well settled that liability does not result from a mere technical violation of regulations governing the speed of vehicles unless it appears the violation was responsible, to some extent, for the accident. Vernaci v. Columbia Cas. Co., La.App., 71 So.2d 417; Kemp v. Donnes et al., La.App., 32 So.2d 383."
We conclude that Warner's speed was not a proximate cause of this accident.
The record shows that Warner first saw Tucker when he was only 40 or 50 feet away from the point of impact. Because of the distance that was proved to be required for Warner to have stopped at 35 or even 30 miles per hour, there was no way for Warner to have avoided the accident. Tucker's entry into Broad Street at a blind intersection made the accident unavoidable on the part of Warner.
As to the alleged failure of Warner to keep a proper lookout, plaintiff contends that Warner should have seen Tucker's car *324 sooner. Defendant correctly contends that the answer to this contention is that Warner, driving on a main thoroughfare, had certain prerogatives and privileges, one of them being the right to assume that other motorists would obey stop signs and would not enter a main highway in the path of through traffic.
Plaintiff argues that the presence of Lambert's car and other cars in the outside lane of traffic should have caused Warner to stop or slow down. Such an argument, as adroitly pointed out by defendant, is unfounded. These stopped cars would not cause Warner to suspect that someone would come out of a side street directly in the path of oncoming traffic. To require more caution of Warner would be to make him stop or slow down at every intersection where his view was obscured to some degree, even though he was on a main highway with a right-of-way. Warner might have concluded that the lead car had stopped to make a right-hand turn (or for many other purposes), but there was no reason for him to suspect that Tucker would suddenly enter the highway in front of him. Again, Robinson v. Great American Indemnity Company, supra, is authority on this point. There the Court, discussing the duty of the motorist with the right-of-way, stated with regard to his duty to keep a proper lookout:
"Defendant further contends that plaintiff was contributorily negligent in not keeping and maintaining a constant lookout. The basis for this contention is that, after plaintiff observed defendant's vehicle at some distance from the intersection, he diverted his attention to the children playing in the street immediately beyond the intersection. Plaintiff, as stated, had a right to assume, as no doubt he did, that defendant would observe the stop signs and stop before entering the intersection and allow him to pass in safety. Directing his attention to the children in and near the street was the action to be expected of an ordinary, reasonably prudent driver. Plaintiff was maintaining a general observation and proceeding at a reasonable rate of speed on a right-of-way street, with his car under such control as to meet and respond to any hazard which might be expected under normal conditions. This was all the law required of him. Youngblood v. Robison, et al., 239 La. 338, 118 So.2d 431."
Plaintiff cites several cases as being in point in support of his contention. As maintained by defendant the point of similarity is that they mostly involve accidents by a motorist proceeding past a line of stopped cars. We agree that the similarity ends there. We proceed to a discussion of these authorities.
In Schroeder v. Mounes, La.App.1951, 52 So.2d 67, 68, the accident happened in downtown New Orleans at the intersection of Canal and South Liberty Streets. Schroeder was driving on Canal Street toward the river. Mounes was driving on South Liberty Street and intended to cross Canal. The Court described the traffic situation as follows:
"The traffic on Canal Street was very much congested and, in addition to cars which were parked along the upper curb, there were two continuous lines of parallel traffic going in Canal Street towards the river. There was an automatic semaphore traffic signal one block from South Liberty Street, and because the light was unfavorable for cars on Canal Street, both lines of traffic had stopped and these lines of stationary cars extended back from the said light for more than a block and partially blocked the crossing at South Liberty Street. Plaintiff had turned into Canal Street from LaSalle Street, which is one city block from South Liberty Street, and had shifted his gears into third, or high, when he noticed that both lines of traffic ahead of him had stopped for the traffic signal, which was from a block to a block and a half *325 away from him at that time. He noticed that to the left of the stationary lines of automobiles there was a clear, though narrow, lane alongside the neutral ground, so he swerved his car to the left hoping to proceed in this lane and thus pass many of the cars which were waiting for the traffic light to turn to green.
"As plaintiff reached the South Liberty Street intersection there was a collision between his car and the car of Mounes who had attempted to `thread' his way between the stationary cars and to cross to the other side of Canal Street without waiting for the traffic on Canal Street to move and to leave the crossing entirely clear."
Mounes, of course, was negligent in attempting to cross Canal Street. The Court also held Schroeder negligent on the following grounds:
"Schroeder could easily have noticed that across the two lanes of traffic, which were stationary, there was a narrow open lane through which a car might cross Canal Street, * * *."
The accident involved in the instant case did not occur in a congested area in the downtown part of a large city but on the outskirts of Lake Charles on a main highway. Traffic in the instant case was not congested and there were only several cars stopped or stopping in the outside lane of traffic. Finally, it was impossible for Warner to have anticipated that a car might try to disregard his right-of-way and to cross Broad Street directly in his path.
Indovina v. Logrande, La.App.1954, 70 So.2d 456, 457, is distinguishable on the same grounds. There, the accident happended at the intersection of Canal and Delta Streets. Logrande was driving about 20 miles per hour attempting to pass two stopped lines of traffic on Canal Street while Indovina "attempted to thread his way through."
Finally, Floyd v. Roberts, La.App.1954, 72 So.2d 18, is similarly distinguishable. That accident also happened in a metropolitan area on Gentilly Boulevard at the intersection of Foy Street.
Finally, plaintiff places great reliance on the holding of the Court in the case of Newspaper Production Co. v. Taylor, La. App., 83 So.2d 475 wherein the plaintiff was held contributorily negligent in proceeding past lines of stopped vehicles at an intersection. Additionally the late case of Biamonte v. Anderson, La.App., 123 So.2d 654 is further cited in support of this contention. We conclude that neither are controlling here because of the wide variance in the facts therein (Newspaper and Biamonte, supra) with those in the case at bar.
We accordingly find no manifest error on the part of the trier of facts herein and for the foregoing reasons the judgment is
Affirmed.

On Application for Rehearing.

En Banc. Rehearing denied.