SAMUEL, Judge.
Plaintiff filed this suit for personal injuries and property damages sustained as a result of a two-car collision. The defendants, husband and wife, are the owner and driver of the other vehicle involved. Their answer denies negligence on the part of the defendant driver and alternatively pleads contributory negligence on the part of plaintiff. After trial there was judgment in favor of the defendants, dismissing the suit. Plaintiff has appealed.
The accident occurred on November 15, 1965 at approximately 6 p. m. in the intersection of Iberville and Crozat Streets in the business district of the City of New Orleans. At their intersection both streets are 24 feet wide. Iberville runs parallel to Canal Street, generally northwest-southeast, from the direction of the river towards the lake. In the area where the accident occurred it is a two-way street containing three traffic lanes. Two of those lanes, which together measure 15 feet in width, accommodate vehicles proceeding southeast towards the river. The other lane, 9 feet in width, accommodates traffic traveling northwest towards the lake. Crozat is a one-way street for traffic traveling generally northeast or away from Canal Street towards the lake. It is the inferior street of the two, traffic on Crozat being controlled by a sign requiring vehicles to stop before entering Iberville.
The headlights of both vehicles were on because of darkness. The defendant driver, Mrs. Rabel, was operating her automobile on Iberville after having entered that street from Basin Street, a distance of between 115 to 125 feet from the Crozat intersection. She was proceeding towards the lake in the 9-foot lane on Iberville. There were no other vehicles in that lane between her and the Crozat intersection and we find, as did the trial court, that she was traveling at a legal and reasonable speed. Plaintiff was driving his car on Crozat. When he reached the Iberville intersection he stopped in obedience to the stop sign.
The two Iberville lanes reserved for traffic traveling towards the river, which were the lanes closer to the approaching plaintiff, were occupied by a double line of stopped vehicles waiting to enter or cross Basin Street at the next corner. Although the lines of vehicles extended on both sides of the Crozat intersection, there was an opening in the traffic sufficient to allow plaintiff to cross Iberville. He proceeded to do so, moving forward slowly. He crossed into the lane occupied by, and directly into the path of, the defendant car. Although the defendant driver immediately attempted to stop, the front of her car struck the right side of the plaintiff automobile, the collision occurring in the Iberville lane in which the defendant vehicle was traveling. Neither driver saw the other car involved in the accident until immediately prior to the collision; their vision was blocked by the two Iberville lines of stopped traffic.
In this court plaintiff contends he is entitled to a judgment in his favor because: (1) he had pre-empted the intersection and *856 therefore had the right-of-way; and (2) the defendant driver had the last clear chance to avoid the accident. We do not agree with either contention. Under the facts of this case neither doctrine, preemption or last clear chance, is applicable.
Before a motorist successfully can rely on the doctrine of pre-emption he must show he entered the intersection at a proper speed and sufficiently in advance of the car on the intersecting street to permit him to cross without requiring an emergency stop by the other vehicle; entry into the intersection at the same time, or just a fraction of a second ahead of the other vehicle, does not create a pre-emption. Hatfield v. Bernos, La.App., 182 So.2d 702; Musco v. General Guaranty Insurance Company, La.App., 181 So.2d 881; Scott v. Glazer, La.App., 164 So.2d 185; Glass v. Toye Brothers Yellow Cab Company, La.App., 160 So.2d 329; Bell v. Duplessis, La.App., 150 So.2d 114. Here it is quite clear plaintiff entered that part of the intersection which was in the path of the defendant car just before the latter was about to do so, when there was insufficient time to permit plaintiff to cross.
Our settled jurisprudence is that before the doctrine of last clear chance can be invoked the litigant relying thereon has the burden of establishing by a clear preponderance of the evidence: (1) he was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) the person against whom the doctrine is invoked actually discovered, or by the exercise of reasonable care, caution and observation, should have discovered such position of peril; and (3) when the person against whom the doctrine is invoked discovered or should have discovered the peril he could have avoided the accident by the exercise of reasonable care. Glatt v. Hinton, La.App., 205 So.2d 91; Naquin v. Callais, La.App., 191 So.2d 885; Burnett v. Marchand, La.App., 186 So.2d 383; Newton v. Cousin, La.App., 182 So.2d 685; Scott v. Glazer, supra. Again the result is clear. When the defendant driver discovered, or should have discovered, the peril it was too late for her to avoid the accident. And, of course, plaintiff had at least as much opportunity for discovery and avoidance as did the defendant driver.
The existing circumstances called for extreme caution on the part of both drivers. A motorist is under a continuing duty to exercise care and caution; he is required to operate his vehicle with due regard to existing conditions and to take an unusual or dangerous' traffic situation into careful consideration. Soprano v. State Farm Mutual Automobile Ins. Co., 246 La. 524, 165 So.2d 308; Culpepper v. Leonard Truck Lines, 208 La. 1084, 24 So.2d 148; Lilly v. Schmitt, La.App., 198 So.2d 502; Valenti v. Allstate Insurance Company, La.App., 156 So.2d 87.
Accordingly, our courts consistently have held that where a motorist who, in crossing an intersection, passes a line or lines of stationary vehicles and collides with another vehicle attempting to thread its way through the line or lines, both motorists are guilty of negligence. Lilly v. Schmitt, supra; Kerner v. Lumbermens Mutual Casualty Co., La.App., 172 So.2d 711; LeBreton v. Ballanga, La.App., 146 So.2d 58; Bruno v. Anderson, La.App., 123 So.2d 654; Eschmann v. New Amsterdam Casualty Company, La.App., 110 So.2d 135; Floyd v. Roberts, La.App., 72 So.2d 18; Indovina v. Logrande, La.App., 70 So.2d 456; Schroeder v. Mounes, La.App., 52 So.2d 67.
We note that in all of the cases last cited the plaintiff was not allowed to recover even though in most of those cases he had the right-of-way. In the instant case the defendant driver had the right-of-way; plaintiff was on the inferior street and, as we have determined, did not acquire the right-of-way by pre-emption. We are satisfied the plaintiff was guilty of negligence which was either the sole cause or a proximate cause of the accident and which bars any recovery by him regardless *857 of whether or not there was negligence on the part of the defendant driver.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.