214 So.2d 179 (1968)
Mrs. Dorothy BYRNES, wife of/and Francis L. Byrnes
v.
James W. BOSTICK, Jr., Felix M. Bourbon and Audubon Insurance Company of Baton Rouge, Louisiana.
No. 2771.
Court of Appeal of Louisiana, Fourth Circuit.
July 1, 1968.
Rehearing Denied October 7, 1968.
Writ Refused December 10, 1968.
Dorothy Byrnes, in pro. per.
Francis L. Byrnes, in pro. per.
Bienvenu & Culver, Robert N. Ryan, New Orleans, for defendant-appellee.
Before YARRUT, SAMUEL and BARNETTE, JJ.
SAMUEL, Judge.
This is a suit for personal injuries and property damage sustained in an accident involving two automobiles. Plaintiffs are husband and wife; she seeks recovery for her personal injuries; he sues for damages to his automobile and medical expenses incurred on behalf of his wife. The petition names three defendants: the owner of the other vehicle involved, its driver and its liability insurer, Audubon Insurance Company of Baton Rouge, Louisiana. The action against the owner was dismissed on an exception of no cause of action and no appeal has been taken therefrom; the driver *180 was not served with citation and a copy of the petition; and the matter was tried to a jury only against the defendant insurer which had filed an answer denying negligence on the part of its driver and alternatively pleading contributory negligence on the part of the plaintiff driver.
After trial the jury returned a verdict in favor of the defendant, dismissing plaintiffs' suit. Plaintiffs then moved for a new trial which was granted and the case was tried to a second jury. That jury also returned a verdict in favor of the defendant, dismissing plaintiffs' suit, and judgment was rendered in accordance therewith. Plaintiffs have appealed.
On the question of liability the undisputed facts are: The accident occurred during the early afternoon of a clear day in the 300 block of O'Keefe Avenue in the City of New Orleans near the exit of a parking garage. The garage is located near the corner of O'Keefe and Gravier Street. O'Keefe is a one-way street for vehicles traveling downtown toward Gravier and Canal Streets. It contains four traffic lanes clearly marked by stripes. For purposes of this opinion the traffic lane next to the garage exit, which is to the right of traffic going toward Canal Street, is designated as lane 1, followed respectively by lanes 2, 3 and 4, the latter being next to the curb on the opposite side of O'Keefe. The plaintiff automobile, driven by the plaintiff wife with her husband as a passenger in the front seat, was proceeding on O'Keefe toward Canal. The defendant vehicle was occupied by its driver and his wife. The collision took place when the defendant automobile was making a right-turn-exit from the garage into traffic lane 3.
Only five witnesses gave testimony regarding the occurrence of the accident: the two plaintiffs; the defendant driver (whose deposition was introduced in evidence); the defendant driver's wife; and the police officer who investigated the accident.
The plaintiffs testified they were in O'Keefe lane 3 proceeding in the direction of Canal Street. The defendant vehicle came out of the parking garage, crossed lanes 1 and 2, which were completely open, turned into lane 3 and struck the plaintiff vehicle on its right rear end, knocking the plaintiff automobile into lane 4. Plaintiffs denied that any cars had preceded the defendant automobile out of the garage.
The testimony of the defendant driver and his wife is to the following effect: They were in the garage stopped behind two other vehicles waiting for traffic to clear on O'Keefe. That traffic came to a halt in obedience to a red traffic light on Gravier. Seeing the cars waiting in the garage, motorists occupying lanes 1 and 2 on O'Keefe stopped short of the exit driveway to allow the cars in the garage to exit therefrom. The first car in the garage line then proceeded into O'Keefe and turned into lane 1, the second also left the garage and occupied lane 2. The defendant automobile then drove out and, since lanes 1 and 2 were occupied by the preceding cars, began turning into lane 3. When the defendant car almost had completed its turn the plaintiff vehicle, which had been traveling in lane 4 at a high rate of speed, passed the cars stopped in lanes 1 and 2 for the purpose of yielding the right-of-way to the vehicles exiting from the garage and turned abruptly toward lane 3. At that time the defendant automobile was about three-fourths of its length in lane 3. The plaintiff automobile crossed in front of the defendant car, coming from lane 4 into about half of lane 3, was unable to clear the defendant automobile, and the right rear bumper of the plaintiff car struck the left front end of the defendant vehicle. The defendant driver was unable to avoid the accident although he applied his brakes as soon as he was aware of his danger.
The police officer who investigated the accident testified the debris resulting from the collision was located in lanes 3 and 4 a short distance on both sides of the stripes *181 separating those lanes. He also testified he found tire marks left by the plaintiff automobile indicating it had been occupying, or had been partially occupying, lane 4 and was angling to its right toward lane 3. The defendant vehicle's tire marks were in lane 3.
In pertinent part the Code of the City of New Orleans provides as follows:
"Whenever any roadway has been divided into two or more clearly marked lanes for traffic the following rules, in addition to all others consistent herewith, shall apply:
(a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." MCS Ord. § 38-130.
"No person shall * * * turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. * * *" MCS Ord. § 38-76.
Pertinent here is the jurisprudence to the effect that before a motorist traveling on a multi-lane roadway changes from one traffic lane to another he must ascertain he can do so safely and without endangering following or approaching traffic. Zurich Insurance Co. v. Grain Dealers Mutual Ins. Co., La.App., 169 So.2d 6; Williams v. Lafauci, La.App., 166 So.2d 42; Canzoneri v. Connecticut Fire Ins. Co. of Hartford, La.App., 163 So.2d 834; Blanchard v. Hardware Mutual Casualty Company, La.App., 13 So.2d 517; Excel Ins. Co. v. Ocean Accident & Guar. Corp., Ltd., La.App., 144 So.2d 561.
Of greater importance is the jurisprudence to the effect that a motorist traveling on a multi-lane, right-of-way street, who sees or should see that traffic is stopped in other traffic lanes to allow a vehicle to cross or enter the right-of-way street, must proceed with such care as to avoid an accident with the entering vehicle; when he fails to do so both motorists are guilty of negligence and neither can recover. Lilly v. Schmitt, La.App., 198 So.2d 502; Kerner v. Lumbermens Mutual Casualty Co., La.App., 172 So.2d 711; Biamonte v. Anderson, La.App., 123 So.2d 654; Floyd v. Roberts, La.App., 72 So.2d 18; Indovina v. Logrande, La.App., 70 So.2d 456; Schroeder v. Mounes, La.App., 52 So.2d 67.
The two versions of how the accident happened are contradictory. And it is clear that, if the version testified to by the two plaintiffs is accepted, plaintiffs are entitled to a judgment because of an absence of negligence on their part. However, if the testimony of the defendant driver and his wife is accepted, the plaintiff driver was guilty at least of contributory negligence which bars a plaintiff recovery. The jury (in both cases) accepted the testimony of the defendant driver and his wife as true and rejected the plaintiffs' version of the accident.
No rule is more firmly established in our jurisprudence than that, in the absence of manifest error, the trial judge or jury will not be reversed on questions of fact dependent upon the credibility of witnesses. Here, especially in view of the testimony given by the investigating police officer, which supports the defendant's version of how the accident happened, we cannot say the jury was manifestly erroneous in accepting that version.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.