SCHOTT, Judge.
This case arose out of an automobile accident which occurred at about 5:30 PM on March 15, 1972, at the intersection of Canal and North Dorgenois Street in the City of New Orleans.
Plaintiffs are Walter C. Carter and his subrogated collision insurer, and defendants, Dorothy Dusset, driver, and Melvin Williams, owner of the other automobile. From judgment dismissing their suit for damage to Carter’s automobile plaintiffs have appealed.
Carter testified that he had been proceeding north on Canal Street in the middle of three traffic lanes available to moving traffic; that as he approached North Dor-genois Street traffic to his left and to his *906 right had come to a stop because of a traffic light at North Broad Street, the next block up; that he proceeded to the intersection with Dorgenois at a speed of IS to 20 miles an hour and as he got to the intersection the Dusset automobile entered from his left whereupon he applied his breaks but was unable to avoid a collision between the right front of the Dusset automobile and the left front of his own.
Dorothy Dusset. testified that she had crossed the west side of Canal Street from South Dorgenois and had gotten into the neutral ground where she remained for a “half hour hoping somebody would let me go by.” Finally, the drivers of two automobiles in the first and second lanes from the neutral ground on the east side of Canal Street signaled for her to go across, she crossed those two lanes but when she got into the third lane she was struck by the Carter automobile.
Under the circumstances there is no question about the negligence of Dorothy Dusset in failing to yield the right of way and leaving her place of safety in the neutral ground in the face of oncoming traffic which she should have seen. The real issue is whether Carter was guilty of contributory negligence so as to preclude recovery by him and his insurer.
Defendants contend that Carter’s speed was excessive under the circumstances where it was raining and traffic was heavy, even though the evidence shows that Carter was moving a maximum of 25 [1] miles per hour in a 35 mile per hour zone. But the more significant contention by defendants is that this case is controlled by expressions of this Court found originally in Schroeder v. Mounes, 52 So.2d 67 (La.App.Orl.1951):
“As we have already said, the situation was unusual, and under the circumstances, each driver should have exercised the utmost caution. Neither did. Schroeder could easily have noticed that across the two lanes of traffic, which were stationary, there was a narrow open lane through which a car might cross Canal Street and, on the other hand, Mounes could easily see that, though there were two lanes of stationary traffic, there was still an open lane through which another vehicle could approach.
“Both drivers should have taken these facts into consideration and had either done so the accident would not have occurred.”
This rule has been repeated and applied in Indovina v. Logrande, 70 So.2d 456 (La.App.Orl.1954); Floyd v. Roberts, 72 So.2d 18 (La.App.Orl.1954); Bruno v. Anderson, 123 So.2d 654 (La.App. 4th Cir. 1960); Kerner v. Lumbermen’s Mutual Casualty Co., 172 So.2d 711 (La.App. 4th Cir. 1965); Lilly v. Schmidt, 198 So.2d 502 (La.App. 4th Cir. 1967), and Byrnes v. Bostick, 214 So.2d 179 (La.App. 4th Cir. 1968).
In the latter case the Court restated the jurisprudence as follows:
“Of greater importance is the jurisprudence to the effect that a motorist traveling on a multi-lane, right-of-way street, who sees or should see that traffic is stopped in other traffic lanes to allow a vehicle to cross or enter the right-of-way street, must proceed with such care as to avoid an accident with the entering vehicle; when he fails to do so both motorists are guilty of negligence and neither can recover.”
Notwithstanding this line of jurisprudence, this Court in Fagot v. Silbernagel, 278 So.2d 153 (La.App. 4th Cir. 1973), while recognizing the rule of the cases cited approached the issue of contributory negligence on the part of the driver proceeding on the favored street, as follows:
“The determination of contributory negligence, being based on the conduct of a *907 party under existing circumstances, necessarily depends upon the facts and circumstances of each case. The preponderance of the evidence in the present case established that the opening was created only an instant before the collision occurred. Admittedly, greater caution is required in congested traffic than in flowing traffic, but plaintiff had properly slowed when he observed the congested situation and was thus alert for cars pulling from the stopped middle lane into his open lane or for any similar hazard. However, plaintiff was not obliged to anticipate the particular danger which occurred in this case, at least until the danger became apparent to him in the exercise of reasonable care. Inasmuch as defendant has failed to prove that plaintiff became or should have become aware of this particular danger in sufficient time to take reasonable steps to avoid the accident, we conclude that plaintiff’s behavior was reasonable under the circumstances and that contributory negligence was not proved.”
In this last cited cast the driver entering from the neutral ground “shot out across plaintiff’s path” momentarily after the opening in traffic on the favored street occurred so that the driver on the favored street had no opportunity to perceive the danger until it was too late to avoid the accident, and such facts are quite different from those of the instant case. But in the application of the rule that the circumstances of each case must be considered in determining whether the plaintiff was guilty of contributory negligence, we find that there is no proof of contributory negligence on the part of plaintiff which would bar recovery by him and his insurer.
Dorothy Dusset testified that she moved across the two lanes and into the third lane when the drivers of the stopped automobile in lanes 1 and 2 signaled her to cross. She also testified that when these drivers motioned her to pass “they were hollering for this man to stop.” Yet, she did not take any further precaution herself even though such was indicated when she saw those other two drivers making reference to defendant’s car in the other lane. Had she stopped as a result of her observation of the drivers of these other cars she would not have placed herself in the position of peril which led to the accident and in effect she had the last clear chance to avoid this accident and failed to do so. See Travelers Indemnity Company v. Ben, 269 So.2d 553 (La.App. 1st Cir. 1972).
Additionally, in the Schroeder case which originally announced the rule of law on which defendants depend for success in this case, there is a suggestion that the driver of the automobile on the favored street was driving approximately 35 miles an hour which was apparently in excess of the speed limit, and probably the Court was influenced, at least to some extent, by that element. Likewise, in Byrnes v. Bos-tick, supra, two automobiles had entered the favored street from a parking garage, had crossed two stopped lanes of traffic and had entered the third lane safely when the defendant, having followed behind these two cars and having already gotten three-quarters of the way into the third lane, was struck by plaintiff. Plaintiff had come over from the fourth lane into the third lane before striking defendant.
These facts contrast sharply with those of the instant case where plaintiff Carter was going well below the speed limit and at a reasonable rate of speed even under the circumstances prevailing. To charge him with negligence under these circumstances would, in effect, require a driver to proceed so slowly that the reasonable flow of traffic would be impeded and some of the benefits to be derived from multi-lane thoroughfares designed to move traffic with relative efficiency would be forfeited.
Damages in this case were stipulated to be $420.73 of which Carter is entitled to his deductible in the amount of $100.00 and the insurer $320.73 remaining.
*908 Since there is no evidence to support imputation of Dorothy Dusset’s negligence to the owner, Melvin Williams, he is not to be cast in judgment.
Accordingly, the judgment of the trial court is reversed and set aside and there is judgment in favor of United Services Automobile Association in the sum of $320.73 and Walter C. Carter in the sum of $100.00, and against Dorothy Dusset both with legal interest from date of judicial demand until paid, and for all costs of these proceedings including the . costs of this appeal.
Reversed and rendered.

. Although Carter testified that lie was moving at 15 to 20 miles per hour, the investigating officer testified that Carter told him he was going 25.