398 So.2d 24 (1981)
SENTRY INSURANCE, a Mutual Company, Partial Subrogee To the Rights of/and Robert W. Booksh, Jr.
v.
William A. MARKS, Joseph R. Justin, Jr. and the Insurance Company of Florida.
No. 11513.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1981.
Rehearing Denied May 15, 1981.
*25 Edward L. Levert, Jr., Young, McMahon, & Levert, New Orleans, for plaintiffs-appellants Sentry Ins. et al.
Nick F. Noriea, Jr., Kierr, Gainsburgh, Benjamin, Fallon & Lewis, New Orleans, for defendants-appellees William A. Marks and Joseph R. Justin, Jr., et al.
Before SAMUEL, REDMANN and BOUTALL, JJ.
BOUTALL, Judge.
This suit concerns a collision between two automobiles at the intersection of Lafayette Street and O'Keefe Ave. in the central business district of New Orleans. One of the two cars in the collision was a taxi-cab being driven by Joseph Justin and the other automobile was operated by Jack Naify. This collision caused Justin to lose control of the taxi-cab thereby striking the third car owned by Robert Booksh which was located in a nearby parking lot. Pursuant to a policy of insurance that Booksh had with Sentry Insurance A Mutual Company (hereinafter referred to as Sentry), the former received $656.76 of the total property damages to his automobile of $756.76, the difference of $100 representing the amount of the deductible. The payment made by Sentry effectively subrogated it to any rights of its insured Booksh. Together Sentry and Booksh filed suit against Justin as driver of the taxi-cab, William A. Marks as owner of this vehicle, and his insurer, the Insurance Company of Florida, for recovery of the property damages. Marks filed a third party demand against Jack Naify as driver of the other automobile involved in the intersectional collision and Richard Naify as owner of said automobile seeking indemnity for any liability he may be held to owe the plaintiffs.
Upon trial of this matter, judgment was awarded in favor of the defendants, Justin, Marks, and the Insurance Company of Florida, thereby dismissing the plaintiff's suit. From this judgment the plaintiffs have appealed devolutively.
On appeal the only issue before us concerns the liability of the defendants, Justin, Marks and the Insurance Company of Florida.
The evidence before us reveals that on or about September 7, 1978, at 8:45 A.M., Joseph R. Justin, Jr. was operating a taxi-cab in a northerly direction on Lafayette St. After arriving at the intersection of Lafayette St. and O'Keefe Ave., Justin stopped his automobile at the stop sign and waited for the traffic to clear in order to cross the intersection. Traffic on O'Keefe Ave. was very heavy. Justin proceeded cautiously into the intersection and after crossing the first two lanes of traffic he entered the third lane whereupon he was struck by an automobile being driven by Jack Naify. Justin testified as follows:
"I eased out through the first lane, and I eased through the second lane. I looked over the car for the third lane and there wasn't anything coming at the moment. Just as I nosed out to go across the third lane, eventually this man must have jumped from the middle lane, I can't say that he did, and he hit me."
As a result of this collision, the taxi-cab being driven by Justin was propelled into a nearby parking lot thereby striking the automobile owned by Booksh which was located therein.
The law is well settled in a factual setting of this kind. The rule is that a driver entering a right-of-way street where the view is obstructed is under a duty to proceed with extraordinary caution. Doucas *26 v. Universal Underwriters Ins. Co., 334 So.2d 767 (La.App. 3rd Cir. 1976); Continental Ins. Co. v. Duthu, 235 So.2d 182 (La.App. 4th Cir. 1970). In applying the law to the evidence before us, we find that Justin fulfilled his duty of using extraordinary caution when he entered O'Keefe Ave. Such a finding precludes any liability on the part of Justin as well as Marks as the owner of the taxi-cab and the Insurance Company of Florida as its insurer. This finding is further supported by the rule of evidence that the testimony of a witness which has not been controverted, and has been accepted by the trial court as true must be accepted by the appellate court as true. B. Segall Company, Inc. v. Trahan, 290 So.2d 854, 857 (La.1974). The testimony by Justin as to the caution exercised by him in entering the intersection was not contradicted. Therefore, it will be regarded as true. Finally, we cannot say that the judgment of the trial court was manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979).
For the reasons above we affirm the judgment of the trial court dismissing the plaintiffs' claim against the defendants.
AFFIRMED.
SAMUEL, J., dissenting.
SAMUEL, Judge, dissenting.
I agree we must accept as true the uncontradicted testimony of the defendant-taxicab driver, which testimony apparently was accepted by the trial court. But such acceptance, in both courts, must be restricted to those facts to which the witness was competent to testify.
The favored street, O'Keefe, which this defendant driver was crossing, is a one-way street. It has four lanes, two outside lanes ordinarily reserved (or used) for parking and two inside lands for moving traffic.
However, the extreme left outside lane, the fourth lane the defendant driver intended to cross and the one in which the accident occurred, was open for moving traffic during part of the day and was so open at the time of the accident.
The defendant driver's view to his left, the direction from which the O'Keefe traffic was approaching, was blocked by the stopped vehicles in the two center or inside lanes. It was physically impossible for the defendant driver to properly see approaching traffic in the fourth lane, as he says, "over the car for the third lane". At the very least, considering the manner in which he drove into the fourth lane, it was impossible for him to see such approaching fourth lane traffic in time to avoid the collision or in time to estimate the speed of the other defendant's vehicle. His view was not only blocked by the first car in the third lane, it was also blocked by the following vehicles in that lane.
It appears to me that the rules relative to blind or partially blind intersections are applicable. In that jurisprudence both drivers are held to be negligent.[1]Indovina v. Logrande, 70 So.2d 456, is in point. Here the other defendant driver had the right of way and certainly plaintiff is entitled to recover.
In addition, because the plaintiff vehicle was parked and unattended in a lot off the street when struck by the taxicab, the defendants are under a heavy burden to prove an absence of negligence on their part.[2] In my view, they have failed to carry that burden.
As I would reverse and award damages to the plaintiff, I respectfully dissent.
NOTES
[1] Byrnes v. Bostick, La.App., 214 So.2d 179; Lilly v. Schmitt, La.App., 198 So.2d 502; Kerner v. Lumbermens Mutual Casualty Co., La. App., 172 So.2d 711; Bruno v. Anderson, La. App., 123 So.2d 654; Floyd v. Roberts, La.App., 72 So.2d 18; Schroeder v. Mounes, La.App., 52 So.2d 67.
[2] Superior Industries, Inc. v. T. Smith Son, Inc., La.App., 187 So.2d 538; Emmco Insurance Co. v. Liberty Mutual Insurance Co., La.App., 138 So.2d 822; Equitable Fire and Marine Ins. Co. v. Allstate Ins. Co., La.App., 137 So.2d 366.