SCHOTT, Judge.
Plaintiffs, Richard T. Stein and his collision insurer, filed suit for damage to a 1971 Volkswagen automobile sustained in an accident on November 2, 1972, at the intersection of St. Bernard and St. Claude Avenues, in the City of New Orleans. Defendant reconvened for damages to his Volkswagen bus, and after a trial on the merits plaintiffs’ main demand was dismissed and defendant was awarded a judgment on his reconventional demand in the amount of $200. Plaintiffs have appealed.
At the scene of the accident St. Bernard is a two-way street divided by a painted stripe. The west, or southbound side, is wide enough to accommodate three vehicles, but there are no markings to designate lanes within the southbound roadway. There is a stop sign requiring traffic entering the intersection from St. Claude Avenue to come to a stop and to yield the right-of-way. Just beyond and south o'f the intersection by St. Claude St. Bernard is intersected by North Rampart Street. At this intersection, which is controlled by an electric semaphore signal, traffic coming from St. Bernard in a southbound direction may turn left or right into Rampart or may proceed straight ahead. Stein entered the intersection from the southbound lane of St. Bernard and Mader came from the west on St. Claude. The collision was between the right front of Stein’s vehicle and the left front of Mad-er’s and was located within the southbound side of St. Bernard just wést of the painted dividing stripe.
Stein testified that there was an accumulation of traffic stopped for the signal at St. Bernard and Rampart extending north of St. Claude; intending to proceed to Rampart where he would make a left turn, he proceeded just within the dividing stripe passing two vehicles on his right including a panel truck in the middle lane; when he was just a car length north of the intersection with St. Claude and going twenty to twenty-five miles per hour he first saw defendant’s Volkswagen bus coming from his right in front of the panel truck and the other parked vehicle; he attempted to avoid the collision but was unable to do so.
Mader testified that before entering the intersection eastbound on St. Claude he came to a full stop in obedience to the sign; he saw a vehicle stopped to his left, which he insisted was not a truck, and was waved into the intersection by its driver; as he proceeded slowly past this vehicle he saw Stein and heard his horn, whereupon he attempted to avoid a collision but was unable to do so.
The trial judge gave no reasons for judgment but was necessarily satisfied that Mader was free of negligence and that the negligence of Stein alone caused the accident. His decision was based on an evaluation of the credibility of the parties whose testimony alone comprised the record.
*478 Because we do not substitute our judgment for the trial court’s credibility-call we have no basis to disturb his conclusion as to Stein’s negligence. Rejecting Stein’s testimony that his vision to the right was obstructed by a panel truck which prevented him from seeing Mader’s bus we readily find that Stein’s negligence consisted in 'failing to see what he should have seen. The facts and circumstances of this case are quite different than those in United States Automobile Association v. Dusset, 292 So.2d 905 (La.App. 4th Cir. 1974), relied upon by plaintiffs.
On the other hand, we have concluded that the trial judge erred in his finding that Mader was free of negligence. He entered the intersection from the less favored street and was compelled to yield' the right-of-way to traffic on St. Bernard. While he maintained that he was not accustomed to finding more than one moving lane of traffic on St. Bernard from his experience in frequently negotiating this intersection, he admitted that Stein was wholly on the west side of the line dividing St. Bernard where Stein had a right to be. Mader makes much over the “creation of a third lane” on St. Bernard by Stein, but we are unable to agree that Stein was precluded from using space on the west side of the line to proceed in a southbound lane where such space obviously existed. Mad-er was negligent in failing to see Stein approaching and in failing to yield the right-of-way to him.
Accordingly the judgment on the main demand dismissing plaintiffs’ suit is affirmed, but the judgment on the reconven-tional demand is reversed and there is judgment in favor of defendant in recon-vention, Richard T. Stein, and against plaintiff in reconvention, Ashton Mader, dismissing his reconventional demand. All costs are to be divided between the parties.
Affirmed in part, reversed in part and rendered.